Tronzo *v.* Flohr Chevrolet, Inc., Appellant.

456

Argued September 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Allen L. Feingold,* for appellant.

No appearance entered nor brief submitted for appellee.

OPINION BY JACOBS, J., December 11, 1974:

This is a customer's action against a new car dealer to recover a deposit of $250.00 and certain incidental damages incurred as a result of the seller's failure to deliver a new automobile as specified in a written purchase order. The appellee won a verdict of $640.00 in the court below, and from that verdict Flohr Chevrolet, Inc., [hereinafter Seller] appeals.

The Seller raises three arguments on appeal,[1] first, that the issue of who breached the contract was one of law and should not have gone to the jury; second, that the incidental damages were not pleaded; and third, that the damages were not shown with sufficient certainty. However, none of these issues has been properly preserved for appeal. Counsel for Seller made no objec-

---

[1] A fourth argument that the verdict was excessive is clearly without merit and will not be considered.

tions at trial to any of the items, no objections were made to the submission of the issues to the jury, no points for charge were submitted to the court, and no exceptions were taken to the charge. The law is clear that no allegation of error will be considered unless it was properly raised by specific objection at the time of trial. *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974); *Commonwealth v. Williams,* 458 Pa. 319, 326 A.2d 300 (1974); *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

Under the holding of *Dilliplaine v. Lehigh Valley Trust Co.,* supra, in a case such as this basic and fundamental error is no longer recognized as a ground for consideration on appeal of matters not objected to at trial. The trial judge submitted the case to the jury under instructions to which no exceptions were taken, and the jury reached a verdict in accordance with those instructions. The Seller, therefore, is estopped from challenging the result.

Judgment affirmed.