490 A.2d 839

Brenda MURRAY and Richard Murray, H/W, Appellants,

v.

UNIVERSITY OF PENNSYLVANIA HOSPITAL and Dr. Steven De Voe and Dr. John E. Hunt and Dr. Cynthia W. Cook and Dr. Luigi Mastroianni, Jr., Appellees.

Brenda MURRAY and Richard Murray, H/W

v.

UNIVERSITY OF PENNSYLVANIA HOSPITAL and Dr. Steven De Voe and Dr. John E. Hunt and Dr. Cynthia W. Cook and Dr. Luigi Mastroianni, Jr.

Appeal of UNIVERSITY OF PENNSYLVANIA HOSPITAL and Dr. Cynthia W. Cook.

Superior Court of Pennsylvania.

Argued March 13, 1984.

Filed Feb. 21, 1985.

Reargument Denied May 3, 1985.

402

404

Brian R. Steiner, Philadelphia, for appellants (at 2899) and appellees (at 2968).

Richard A. Kolb, Philadelphia, for appellants (at 2968) and appellees (at 2899).

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

The rules of law applicable to this action for breach of an express warranty given in connection with a tubal ligation are fairly well established. The manner in which they should be applied to the facts of the instant action is not so readily apparent because application is shrouded in procedural confusion.

■ A doctor and patient may, if they choose to do so, contract that a course of treatment will produce a specific result. If that result is not achieved, the patient may then have an action for breach of contract even though the doctor has exercised the highest degree of professional care. See: *Mason v. Western Pennsylvania Hospital*, 499 Pa. 484, 486, 453 A.2d 974, 975 (1982). See also: *Colvin v. Smith*, 276 A.D. 9, 92 N.Y.S.2d 794 (1949); 61 Am.Jur.2d, Physicians & Surgeons § 161 (1981).

■ An action for breach of contract must be commenced within six years.[1] Such an action is not controlled by the two year statute of limitations which is applicable to actions for professional negligence causing injury to another's person.[2] It has been held, however, that the two year statute applicable to causes of action for personal injuries cannot be avoided by the expedient of pleading in contract.

1. The statute applicable to this case is the Act of March 27, 1713, § 1, 12 P.S. § 31. That statute has now been repealed, but a comparable statute of limitations appears at 42 Pa.C.S. § 5527(2).

2. Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34, now repealed and reenacted at 42 Pa.C.S. § 5524(2).

*Jones v. Boggs & Buhl, Inc.,* 355 Pa. 242, 49 A.2d 379 (1946). See also: *Staiano v. Johns Manville Corp.,* 304 Pa.Super. 280, 450 A.2d 681 (1982); *Shadle v. Pearce,* 287 Pa.Super. 436, 430 A.2d 683 (1981). In determining which statute will control, it is necessary to determine the nature of the damages sought to be recovered. If recovery is sought for the cost of completing performance of the contract or remedying defects in performance, the applicable statute of limitations is six years. See: *Jones v. Boggs & Buhl, Inc., supra.* See also: *Colvin v. Smith, supra.* If, however, the damages sought to be recovered are for personal injuries, the two year period of limitation is clearly applicable. *Jones v. Boggs & Buhl, Inc.,* supra. See: *Staiano v. Johns Manville Corp., supra; Shadle v. Pearce, supra; Sykes v. Southeastern Pennsylvania Transportation Authority,* 225 Pa.Super. 69, 310 A.2d 277 (1973). It is applicable whether the pleaded cause of action sounds in contract or in tort.

Brenda Murray determined after the birth of her fourth child that she would have no more children. On August 12, 1970, she underwent a tubal ligation at the University of Pennsylvania Hospital to prevent further pregnancies. A jury found that Dr. Cynthia W. Cook, acting as agent for the hospital, had expressly warranted that the tubal ligation would prevent future pregnancies. However, in May, 1972, Mrs. Murray found that she was again pregnant. This pregnancy was subsequently terminated by therapeutic abortion. A second tubal ligation was performed on June 12, 1972.

Brenda Murray and Richard, her husband, commenced an action in assumpsit by praecipe for summons on August 6, 1976.[3] In a complaint thereafter filed, they alleged a breach of the agreement guaranteeing a specific result. They requested damages to compensate them for the wife-plaintiff's subsequent medical and hospital expenses. How-

3. Although the complaint also named other physicians as defendants, only Dr. Cook and the hospital were found liable, and only they remain as interested party defendants in the present appeal.

ever, they also sought an award of monetary damages to compensate the wife-plaintiff for her personal injuries, including pain and suffering, and her husband for the loss of his wife's consortium. Both defendants filed an answer in which they pleaded the two year statute of limitations as a complete defense to the action. At trial, the court instructed the jury that if the plaintiffs were entitled to recover, the wife-plaintiff should be awarded damages for pain and suffering. The defendants did not object to this instruction. The jury returned a verdict in favor of the Murrays and against Dr. Cook and the hospital. Damages were awarded to the wife-plaintiff in the amount of $21,000 and to Richard Murray in the sum of $5,300. Post trial motions were filed. The trial court denied the defendants' motion for judgment n.o.v. but granted a new trial. It granted a new trial because "the jury was permitted to award damages for personal injuries resulting from an act which occurred two years before the plaintiff commenced the action ...." The court apparently concluded that although the plaintiffs could recover the costs involved in correcting defendants' failure to perform their contract, a claim for personal injuries was barred by the two year statute of limitations.

 Although we agree that a claim for personal injuries against a physician, whether premised upon medical malpractice or breach of warranty, is subject to the two year statute of limitations, we disagree with the trial court's application of the rule in this case. Here, the plaintiffs also had a cause of action for breach of contract to achieve a specific result. This cause of action was not barred by the statute of limitations. When it became necessary to instruct the jury regarding the damages to be recovered in the latter action, the court erroneously included pain and suffering and loss of consortium as recoverable damages. However, the defendants did not object to the trial court's jury instructions allowing recovery for such damages. The error in those instructions, therefore, was waived. See: *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974); *Tyus v. Resta,* 328 Pa.Super.

11, 31, 32, 476 A.2d 427, 438 (1984); *Tronzo v. Flohr Chevrolet, Inc.*, 231 Pa.Super. 455, 331 A.2d 555 (1974). The error in the trial court's jury instructions regarding damages has also been waived because it was not asserted as a reason in support of defendants' motion for new trial. See: *Cherry v. Willer*, 317 Pa.Super. 58, 463 A.2d 1082 (1983). See also: *Daset Mining Corp. v. Industrial Fuels Corp.*, 326 Pa.Super. 14, 22–23 n. 4 & 5, 473 A.2d 584, 588 n. 4 & 5 (1984).

■ The only argument which defendants have preserved is that plaintiffs' entire action is barred by the statute of limitations. The two year statute of limitations, they contend, is a complete defense to the plaintiff's entire cause of action. They argue, as they did in the trial court, that plaintiffs are not entitled to recover any damages in this action. This contention, as the trial court recognized, cannot be sustained. Only the claim for personal injury is subject to the two year statute of limitations. Plaintiffs' cause of action, although it requested damages for personal injuries, also sought recovery for the reasonable cost of achieving the result contracted for, i.e., prevention of conception; and the cost of remedying defendants' failure to perform their contract, i.e., the cost of the therapeutic abortion. These claims are not barred by the two year statute of limitations. They represent true contract damages intended to give the injured parties the benefit of their bargain by awarding a sum of money that would, to the extent possible, put them in the same position as they would have been if the contract had been performed. Restatement (Second) of Contracts §§ 347, 348 (1979). Such an action is controlled by the statute of limitations applicable to contracts and must be brought within six years.

■ Plaintiffs' complaint alleged that defendants had guaranteed that the tubal ligation which they had agreed to perform would prevent future conception. When this contract was breached, the plaintiffs sought damages. Some of the damages claimed were for personal injuries; others were intended to achieve for the plaintiffs the benefit of

their bargain. At no time during pre-trial or trial proceedings was this distinction raised or called to the attention of the trial court. Defendants contended that the statute of limitations was a complete defense and that no damages, therefore, were recoverable. This, as we have seen, was incorrect. The case was submitted to the jury on instructions from the court to which neither party took exception. The jury, as they could properly do, followed the trial court's instructions and, after finding a breach of contract, awarded damages consistently with the court's instructions. If the jury awarded damages not properly included in a verdict for plaintiff, it was only because of jury instructions to which the defendants did not object. Because plaintiffs proved a valid enforceable cause of action for breach of contract, defendants are not entitled to judgment n.o.v. Because defendants failed to object to the court's jury instructions pertaining to damages, they waived any error with respect thereto and are not now entitled to a new trial merely because the jury followed those instructions.

 Dr. Cook and the hospital have also argued that the parol evidence rule is substantively applicable to prevent recovery on an alleged oral agreement to guarantee the wife-plaintiff's tubal ligation. They contend that because the authorization and release which Mrs. Murray and her husband signed prior to surgery did not contain a warranty as to the success of the procedure and, in fact, purported to release the surgeon and hospital, they could not show a warranty agreement by parol. Whether this argument is valid must depend on whether the release was intended to be the entire agreement between the parties. *Dunn v. Orloff*, 420 Pa. 492, 495, 218 A.2d 314, 316 (1966); *Friestad v. Travelers Indemnity Co.*, 260 Pa.Super. 178, 191, 393 A.2d 1212, 1218 (1978); *National Building Leasing, Inc. v. Byler*, 252 Pa.Super. 370, 373–374, 381 A.2d 963, 965 (1977); 3 Corbin on Contracts §§ 573, 582 (1960). Whether the writing constituted the entire agreement between the parties was a question of law for the court. *Walker v. Saricks*, 360 Pa. 594, 599, 63 A.2d 9, 11 (1949);

*Haagen v. Patton,* 193 Pa.Super. 186, 191, 164 A.2d 33, 35 (1960); Restatement (Second) of Contracts § 209(2) (1981). Parol evidence may always be considered by the court to determine whether the parties intended the writing to be a complete embodiment of their agreement. See: *Rubin v. Lustro Tile Products Corp.,* 411 Pa. 549, 554, 192 A.2d 731, 733–734 (1963); *International Milling Co. v. Hachmeister, Inc.,* 380 Pa. 407, 418, 110 A.2d 186, 191 (1955); *Commonwealth, Department of Property & Supplies v. Berger,* 11 Pa.Cmwlth. 332, 338–339, 312 A.2d 100, 104 (1973); Corbin, *supra* at § 582; Restatement (Second) of Contracts § 209(3). Parol evidence is also admissible to explain and supplement a written agreement where it is shown that the writing was not intended to and did not state the entire agreement between the parties. *Dunn v. Orloff, supra* 420 Pa. at 496, 218 A.2d at 316.

 In the instant case, the trial court held that the authorization and release was not intended to be the entire agreement between the parties. We agree. "A release ordinarily covers only such matters as can fairly be said to have been within the contemplation of the parties when the release was given." *In re Estate of Bodnar,* 472 Pa. 383, 387, 372 A.2d 746, 748 (1977). Accord: *Restifo v. McDonald,* 426 Pa. 5, 9, 230 A.2d 199, 201 (1967); *Gateway Center Corp. v. Merriam,* 290 Pa.Super. 419, 425, 434 A.2d 823, 826 (1981). Brenda Murray testified that she consented to the operation only because she had been guaranteed that she would not become pregnant again. Neither the meaning of the release nor the fact that tubal ligations sometimes fail, she said, had been discussed with her. She was told that she had to sign the authorization before the surgical procedure could be performed. Her husband said that he had signed the form solely for the purpose of permitting his wife to have the operation. Under these circumstances, the trial court could properly conclude that the authorization for surgery was not intended to be the entire agreement between the parties. Parol evidence was admissible, therefore, to show the existence of an oral

agreement to guarantee the prevention of future pregnancies.

■■■ After the trial court awarded a new trial because damages had been awarded by the jury for personal injuries, it did not consider additional reasons asserted by Dr. Cook and the hospital in support of their motion for new trial. Because these include matters which are usually dependent upon the exercise of a sound discretion by the trial court, i.e., verdict allegedly excessive and against the weight of the evidence, we will remand to give the trial court an opportunity to consider the remaining issues raised by the motion for new trial.[4]

Remanded for consideration of the remaining issues raised by Dr. Cook and the University of Pennsylvania Hospital in their motion for new trial. Jurisdiction is not retained.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I agree with the majority that the claim for personal injuries whether premised upon medical malpractice or breach of warranty is subject to the two year statute of limitations. I disagree, however, with the conclusion that appellants have waived any objection to the assertion of this claim by failing to object to the court's instructions or asserting it as a reason in support of motions for a new trial.

Appellees have pressed a cause of action, the essential component of which is a claim for personal injuries. They successfully persuaded the trial court to submit this claim to the jury. As the majority concedes, appellants have preserved the argument that the entire action is barred by the statute of limitations. It seems to me that this is enough. Appellants, having duly resisted the flawed cause

4. Also remaining undecided is the correctness of several points for charge submitted by Dr. Cook and the hospital, which the trial court rejected.

of action, should not be imposed with the additional burden of second guessing the trial judge by thereafter being obliged to enter objections to the charge which, if granted, would carve out a permissible claim. Since I believe that the majority opinion improperly awards appellees an undeserved windfall, I would agree with the trial court's award of a new trial. However, since appellees have already successfully won the day on the liability issue, I would limit the new trial to damages only.