## Knapp v. Murphy

C.P. Tioga County, no. 261 Civil 1993.

*Stephen J. Banik,* for plaintiffs.
*Richard A. Gray,* for defendant.

SMITH, *P.J.,* January 4, 1996—Plaintiffs have sued defendant, an attorney, raising a claim arising from defendant's prior representation of them. The matter comes now before the court on cross-motions for summary judgment. Defendant's motion asks the court to dismiss plaintiffs' claim, as it was brought more than two years after the allegedly negligent activities of defendant and, further, because plaintiffs had voluntarily entered into a settlement agreement. Plaintiffs, in their motion for summary judgment, argue that defendant, over a period of six months, engaged in a course of deception or misfeasance causing the loss of their property. Plaintiffs admit signing a comprehensive settlement agreement relating to the matters on which defendant represented them, but argue that they were not aware that they had been negligently represented until December 2, 1991, when the opposing parties in the prior action obtained a summary judgment against them. Accordingly, plaintiffs argue that the date of the summary judgment, December 2, 1991, effectively begins the period for testing the statute of limitations. Although they are not explicit as to which statute of limitations applies, plaintiffs take the position that their action against defendant, having commenced April 21, 1993, was timely. Plaintiffs also argue that the fact that they voluntarily entered into a settlement agreement does not necessarily prohibit an action by them against their attorney for legal malpractice.

Defendant was retained by plaintiffs in April of 1988 on the recommendation of plaintiffs' prior attorney, who had represented plaintiffs in 1985 with regard to the sale of their business, a motorcycle dealership. The pertinent details of the sale were succinctly recounted by the Superior Court of Pennsylvania when it affirmed the decision of the Court of Common Pleas of Tioga

County, holding that plaintiffs failed to offer sufficient facts to support their allegation of fraudulent inducement. The Superior Court found the following facts:

"In 1985, [plaintiffs], husband and wife, sold a business known as 'Larry's Sport's Center' to William and Carol Lockhart for the sum of $400,000. Half of the purchase price, *i.e.* $200,000, was advanced by Jersey Shore State Bank. As security for the loan, the bank took a mortgage on business real estate and a security interest in personalty. The remaining half of the purchase price was advanced by plaintiffs, who received, as security, a second mortgage on the real estate and a security interest in the inventory, certain personalty and the accounts receivable of the business. When the Lockharts defaulted on the repayment of their loan from the bank, the bank foreclosed and purchased both the real estate and personalty at sheriff's sale. However, a dispute arose between [plaintiffs] and the bank regarding the priority of their respective liens against the business personalty. This dispute was settled by a written agreement, dated April 22, 1989, pursuant to which [plaintiffs], in exchange for $25,000, payable monthly, at a rate of $400, and certain interest in parts and business personalty, released the Lockharts 'from any claims, debts or causes of action whatsoever, with the sole exception of the parties' faithful performance of the terms of this agreement.' [Plaintiffs] also agreed to release the bank, 'from any claim whatsoever in connection with the bank's execution upon personal property of Lockhart.' The parties agreed that the contract constituted their entire agreement and that it could not be modified, except in writing, signed by the party against whom enforcement was sought. Pursuant to this agreement, the Lockharts forwarded monthly checks for $400 from June 1989 to March 1990. [Plaintiffs],

however, did not deposit or cash the same." *Knapp v. Lockhart,* 777 Hbg. 1991, (March 8, 1993, memorandum opinion, pp. 2-3).

In that prior action, all defendants, the Lockharts and the bank, alleged that the claims asserted by plaintiffs had been released by the parties' tripartite agreement. Plaintiffs admitted the agreement, but alleged fraud. The trial court determined that there was no arguable claim of fraud and entered summary judgment for the defendants. Plaintiffs appealed and the Superior Court affirmed the judgment.

Defendant's motion for summary judgment in this action was filed first and, because a ruling favorable to defendant regarding either the issue of the statute of limitations or the status of the voluntary settlement agreement would render moot plaintiffs' motion for summary judgment, the court will first address defendant's motion.

The standard for granting summary judgment requires a showing that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Rossi v. Pennsylvania State University,* 340 Pa. Super. 39, 45, 489 A.2d 828, 831 (1985). A trial court must "determine whether a genuine issue of material fact exists based upon an examination of the record in the light most favorable to the nonmoving party." *Johnson v. Baker,* 346 Pa. Super. 183, 185, 499 A.2d 372, 373 (1985). "[I]f there is no issue as to any material fact, the moving party is entitled to [summary] judgment as a matter of law." *Mariscotti v. Tinari,* 335 Pa. Super. 599, 601, 485 A.2d 56, 57 (1984).

When raising the issue of statute of limitations in a motion for summary judgment, contradictory evidence as to when the injury occurred or should have been discovered can present a genuine issue of material

fact as to when the statute of limitations began to run. *Altoona Area School District v. Campbell,* 152 Pa. Commw. 131, 618 A.2d 1129 (1992).

To address defendant's motions for summary judgment, the court must apply the above standard to determine whether a genuine issue of material fact exists after examining the record in a light most favorable to plaintiffs, the non-moving party. Defendant argues that any claim against him is barred by the two-year statute of limitations for negligence. 42 Pa.C.S. §5524. Defendant further argues that plaintiffs should be barred from bringing any claim for attorney malpractice against defendant where, as here, plaintiffs voluntarily executed a settlement agreement and where, as here, plaintiffs have failed to plead with sufficient specificity their claim of fraud in the inducement. For this latter argument defendant relies upon *Muhammad v. Strassburger,* 526 Pa. 541, 587 A.2d 1346 (1991), and *Miller v. Berschler,* 423 Pa. Super. 405, 621 A.2d 595 (1993). In *Muhammad,* the Pennsylvania Supreme Court foreclosed "the ability of dissatisfied litigants to agree to a settlement and then file suit against their attorneys in the hope that they will recover additional monies. To permit otherwise results in unfairness to the attorneys who relied on their client's assent and unfairness to the litigants whose cases have not yet been tried. Additionally, it places an unnecessarily arduous burden on an overly taxed court system." *Id.* at 552, 587 A.2d at 1351. The Supreme Court then limited its opinion as follows: "We do believe, however, there must be redress for the plaintiff who has been *fraudulently induced* into agreeing to settle. It is not enough that the lawyer who negotiated the original settlement may have been negligent; rather, the party seeking to pursue a case against his lawyer after a settlement must plead, with specificity, fraud

in the inducement." *Id.* at 552, 587 A.2d at 1351. (emphasis in original) The Supreme Court further noted that "[i]f the lawyer *knowingly* commits malpractice, but does not disclose the error and convinces the client to settle so as to avoid the discovery of such error, then the client's agreement was fraudulently obtained. This fraudulent inducement, however, does not alter the settlement agreement between plaintiff and defendant, since it is not the opposition who has committed the fraud, but the plaintiff's own lawyer. As such, the settlement agreement must be honored." *Id.* at 552, 587 A.2d at 1351. (emphasis in original) The Supreme Court concluded that "[i]n the event a litigant believes he has been fraudulently induced into settling, he has the right to file a suit, *alleging with specificity* the acts that he claims are fraudulent. If his allegations meet the standard of specificity required by Pa.R.C.P. 1019(b), then he will be allowed to proceed. In the event those allegations do not meet that standard of specificity, then the case will be dismissed upon the filing of preliminary objections." *Id.* at 553, 587 A.2d at 1352. (emphasis in original)

In *Miller, supra,* the Superior Court applied the Supreme Court's reasoning in *Muhammad* and stated, "[p]ost-*Muhammad,* a party dissatisfied with the settlement agreement provided by their attorney can only seek redress if it can establish it was fraudulently induced into agreeing to settle, and it is incumbent on the client to plead with specificity fraud in the inducement." *Miller, supra* at 410, 621 A.2d at 598.

If this were the state of the law today, this court would need only to review plaintiffs' averments of fraud to see if they meet the standard of specificity required by Pa.R.C.P. 1019(b), however, since the *Muhammad* and *Miller* decisions, the law has been further defined

in a recent Superior Court decision, *McMahon v. Shea,* 441 Pa. Super. 304, 657 A.2d 938 (1995). In that case, the Superior Court held that the policy reasons for the Supreme Court's *Muhammad* decision are not equally applicable where the lawyer's alleged negligence "does not lie in the exercise of judgment regarding an amount to be accepted or paid in settlement of claim, but, rather, in the failure to advise the client properly about well established principles of law and the impact of an agreement upon the substantive rights and obligations of the client." *McMahon v. Shea, supra* at 312, 657 A.2d at 941. The Superior Court held that the rule announced by the Supreme Court in *Muhammad* should be limited to cases with similar facts. The court explained its holding as follows:

"Unless the Supreme Court directs otherwise, we will not interpret *Muhammad* to blindly protect lawyers who carelessly advise clients incorrectly about their substantive rights and the effect of a written agreement which is intended to resolve an existing dispute. Because the decision in *Miller v. Berschler* . . . reaches a contrary result, it is expressly overruled. To do otherwise would do a disservice to clients who must rely upon the advice of their lawyers before entering agreements involving future obligations and also to careful and conscientious practitioners who undertake to advise their clients fully before the client is asked to execute an agreement, whether simple or complex, and who protect their clients, or at least advise them, against contractual provisions which impose more onerous burdens than the substantive law requires." *McMahon v. Shea, supra* at 313, 657 A.2d at 942.

In a dissenting opinion, Judge Cavanaugh argued that the facts in *McMahon* were not distinguishable from *Muhammad.* He therefore asserted that the majority

had improperly limited *Muhammad* and, in fact, nullified the policy enunciated by the Supreme Court. The *McMahon* holding is decisional, however, and must be followed by this court. Accordingly, this court holds that plaintiffs' execution of a settlement agreement does not bar their claim that defendant fraudulently or negligently induced them to settle.

Defendant's second claim for summary judgment asserts that plaintiffs' action is time-barred, because plaintiffs' complaint contains only one count, sounding in trespass, which has a statute of limitation of two years. Defendant further argues, based on admissions made by plaintiff Larry Knapp during a deposition, that plaintiffs knew the alleged negligence had occurred before May 22, 1989, and, upon advice of counsel, chose not to proceed against defendant at that time.

Plaintiffs, in their brief in opposition to defendant's motion for summary judgment, argue that the four-year statute of limitations applicable to contracts should be applied in this case. They assert that their claim is analogous to a personal injury claim based on breach of warranty. Plaintiffs take the position that because the action against defendant was filed one day less than four years from the signing of the settlement agreement, it was timely.

In Pennsylvania, a plaintiff asserting any legal malpractice claim may plead either in tort or contract. *Guy v. Liederbach,* 501 Pa. 47, 55, 459 A.2d 744, 748 (1983); *Garcia v. Community Legal Services Corporation,* 362 Pa. Super. 484, 489, 524 A.2d 980, 982 (1987). An action for breach of contract must be commenced within four years. 42 Pa.C.S. §5525. Actions for professional negligence causing injury to another's person or property are subject to a two-year limitation. 42 Pa.C.S. §5524.

"In determining which statute will control, it is necessary to determine the nature of the damages sought to be recovered." *Murray v. University of Pennsylvania Hospital,* 340 Pa. Super. 401, 406, 490 A.2d 839, 842 (1985); *Moore v. McComsey,* 313 Pa. Super. 264, 459 A.2d 841 (1983). If the recovery sought is for the cost of completing performance of the contract or remedying defects in performance, the applicable statute is that for contracts, *i.e.* four years. *Murray, supra.* If, however, the damages sought to be recovered are for personal injuries, the two-year period of limitation is clearly applicable, notwithstanding whether the pleaded cause of action sounds in contract or in tort. *Id.; Jones v. Boggs & Buhl Inc.,* 355 Pa. 242, 49 A.2d 379 (1946). Where the plaintiff's cause of action is based on the attorney's failure to exercise due care, it will sound in contract only if the attorney fails to follow the client's specific instructions and thereby commits a breach of contract. *Duke & Co. v. Anderson,* 275 Pa. Super. 65, 70, 418 A.2d 613, 616 (1980); *Rogers v. Williams,* 420 Pa. Super. 396, 401, 616 A.2d 1031, 1033 (1992). This limitation on pleading malpractice claims under a contract theory prohibits a malpractice plaintiff from sidestepping the two-year limitation on tort actions by pleading tort claims as breaches of contract. *Sherman Industries Inc. v. Joel S. Goldhammer & Seidel, Gonda & Goldhammer, P.C.,* 683 F. Supp. 502 (1988). In *Sherman,* the United States District Court for the Eastern District of Pennsylvania explained that "if allegations of a contractual relationship between plaintiff and defendant, and of an express or implied term of the contract establishing an obligation to exercise reasonable care, were to suffice to state a breach-of-contract malpractice case, 'the two year limitations statute for tort actions would be a dead letter in . . . malpractice cases.' "

*Id.* at 506, quoting *Stetson v. McCarty,* civil action no. 83-6071 (E.D. Pa., July 18, 1984), *affirmed,* 760 F.2d 261 (3rd Cir. 1985). The federal district court concluded as follows:

"In sum, to sustain a claim of tortious malpractice, plaintiff must raise an issue whether the defendants failed to exercise the standard of care that a reasonable attorney would exercise under the circumstances. *Trice v. Mozenter,* 356 Pa. Super. 510, 515 A.2d 10, 13 (1986). To sustain a claim of legal malpractice that arises from a breach of contract, a plaintiff must show that there was a contract, and 'that the defendant breached a *specific* provision thereof.' *Lactaid v. Youtie,* civil action no. 85-6751 (E.D. Pa. March 18, 1986) *affirmed,* 806 F.2d 253 (3rd Circuit 1986). (emphasis in original) Thus, in order to distinguish a contract malpractice claim from a tort claim, the plaintiff claiming under a contract theory must raise an issue as to whether it specifically instructed the defendant to perform a task that the defendant failed to perform, or as to whether the defendant made a specific promise upon which plaintiff reasonably relied to its detriment." *Id.*

In the case sub judice, plaintiffs' complaint avoids making explicit the nature of their cause of action. The complaint contains only one count. Pa.R.C.P. 1020(a) requires that each cause of action be stated in a separate count. If a plaintiff fails to properly plead separate causes of action, the causes not pleaded are waived. *Bachman v. Artinger,* 285 Pa. Super. 57, 60, 426 A.2d 702, 704 (1981). Accordingly, to identify the nature of plaintiff's cause of action, the court must review the allegations in the complaint and the damages sought. *Murray, supra.*

Plaintiffs' complaint contains statements that "Defendant agreed to represent the plaintiffs . . ." (Com-

plaint, paragraph 4) and that "[p]ursuant to his agreement to represent the plaintiffs ..." (Complaint, paragraph 6), defendant prepared various documents. There is no particular reference to any act which violated a specific part of the alleged agreement. The court finds no allegations in the complaint which would satisfy the specificity requirement needed when pleading breach of contract. The balance of plaintiffs' complaint sounds in negligence.

With regard to damages sought, the complaint identifies the amount owed to plaintiffs at the time of execution of the settlement agreement and the amount of interest which would have accumulated during the term of the original installment agreement. In addition, the complaint refers to $5,000 in attorney fees expended for "ineffective performance." (Complaint, paragraph 12.) The former figures would be relevant to a computation of the injury to plaintiffs through the alleged negligence of defendant, while the latter could be a measure of restorative contract damages.

Clearly, plaintiffs are on the horns of a dilemma. Were they to proceed in negligence, the action would be time-barred, unless the running of the statute of limitations was tolled for a time since the termination of plaintiffs' relationship with defendant. On the other hand, an action brought in contract could yield only relatively small damages.

In keeping with the general rule that a cause of action arises or accrues when a plaintiff could have first maintained the action to a successful conclusion, *Trice, supra, Kapil v. Association of Pennsylvania State College and University Faculties,* 504 Pa. 92, 470 A.2d 482 (1983), a plaintiff has a claim of legal malpractice based on its lawyer's negligence as soon as the lawyer has breached his professional duty of care and has thereby

harmed the client. Therefore, in the case sub judice, unless the statute of limitations was tolled, it would have expired, at the latest, on May 22, 1991, two years after the completion of all acts by defendant for plaintiffs. Plaintiffs argue that they were not aware a mistake had been made by defendant until December 2, 1991, when the Lockharts and the bank, the defendants in the prior lawsuit, obtained a summary judgment against them on plaintiffs' claim of fraud. In reality, the summary judgment in the prior action did not serve to inform plaintiffs of any new facts. It served only to inform plaintiffs that they were wrong in their legal analysis, to wit: that they had a valid claim for fraud. All of the facts which plaintiffs set forth in their instant complaint were or should have been known to them while they were pursuing their action for fraud. The fact that plaintiffs may have miscalculated the merits of an alternative claim will not serve to toll the statute of limitations for this claim.

For all the foregoing reasons, the court concludes that plaintiffs' action sounds in negligence and is barred by the statute of limitations. Defendant is entitled to summary judgment. Having reached this conclusion, the court finds that plaintiffs' motion for summary judgment is rendered moot.

## ORDER

And now, January 4, 1996, for the reasons set forth in the accompanying opinion, the court grants defendant's motion for summary judgment. Judgment is hereby entered in favor of defendant and against plaintiffs.

Plaintiffs' motion for summary judgment is dismissed as moot.