## Weiland v. DeFrancisis

*Robert G. Xides,* for plaintiff.
*Francis Garger,* for defendant.

O'BRIEN, *J.,* January 8, 1996—Before the court are defendant's preliminary objections to plaintiff's complaint. Defendant's first preliminary objection is in the nature of a motion to strike paragraph 19, subparagraphs (a), (b), (c), (g) and (h) of plaintiff's complaint for failure to plead material facts with sufficient specificity. Defendant's second and third preliminary objections are in the nature of demurrers wherein the defendant requests the court to dismiss Counts 2 and 3 of plaintiff's complaint because both counts are legally insufficient. For the reasons set forth in the within memorandum

opinion, defendant's preliminary objections to paragraph 19 and Count 3 of plaintiff's complaint are overruled. Defendant's preliminary objection to Count 2 of plaintiff's complaint is sustained.

Paragraph 19 of plaintiff's complaint alleges that defendant's care of plaintiff was negligent and careless in the following manner:

"(a) In failing to properly perform root canal therapy for tooth no. 7, so that such treatment had to be re-done, and additional dental work had to be performed;

"(b) In failing to properly install sufficient supporting posts for teeth nos. 7 and 11 so that all such posts had to be replaced and additional dental work had to be performed;

"(c) In failing to properly install sufficient crowns for teeth nos. 7 through 11, so that all such crowns had to be replaced, and additional dental work had to be performed; . . .

"(g) In failing to perform plaintiff's treatment in a professional and aesthetically pleasing manner, as defendant had agreed to do, and in failing to render all dental treatment within the standards of care in the community; and

"(h) In failing to shorten the length of plaintiff's front teeth, or to restore tooth no. 6, as defendant had agreed to do."

The court finds that paragraph 19, subparagraphs (a), (b), (c), (g) and (h) fail to set forth the material facts relied upon to support plaintiff's allegations of defendant's negligence and carelessness. Plaintiff is authorized to amend her complaint to set forth, with specificity, the material facts relied upon to support allegations of defendant's negligence and carelessness.

Defendant's second preliminary objection is in the nature of a demurrer wherein defendant requests the court to dismiss Count 2 of plaintiff's complaint for breach of contract. An action for breach of contract by a physician is actionable only where the physician made an express warranty that a course of treatment would achieve a specific result or cure. *Mason v. Western Pennsylvania Hospital,* 286 Pa. Super. 354, 428 A.2d 1366 (1981), *vacated on other grounds,* 499 Pa. 484, 453 A.2d 974 (1982). The law in this area is not developed in Pennsylvania. There are two Superior Court decisions addressing a physician's express warranty to achieve a specific result or cure, *Mason v. Western Pennsylvania Hospital, supra,* and *Murray v. University of Pennsylvania Hospital,* 340 Pa. Super. 401, 490 A.2d 839 (1985). In both cases, the Superior Court cites 61 Am.Jur.2d *Physicians, Surgeons, Etc.* §161 (1981) as authority on the issue of express warranties by physicians. Upon review of these cases and 61 Am.Jur.2d *Physicians, Surgeons, Etc.* §161, the court finds that breach of contract by a physician is actionable where: (1) the physician made an express warranty that treatment would achieve a specific result or cure; and (2) the warranty was supported by separate consideration.

To be binding, an express warranty that a course of treatment would achieve a specific result or cure must be clear and unambiguous. 61 Am.Jur.2d *Physicians, Surgeons, Etc.* §161. In the instant case, plaintiff relies on defendant's treatment records as evidence of defendant's express warranty to achieve specific results to plaintiff. (See plaintiff's brief in opposition to preliminary objections.) The court finds that defendant's treatment records of plaintiff fail to show that defendant made a clear and unambiguous express warranty that his treatment of plaintiff would achieve specific results;

therefore, defendant's preliminary objections to Count 2 of plaintiff's complaint is sustained.

Count 3 of plaintiff's complaint is labelled "equitable estoppel." In Count 3, plaintiff alleges that defendant made a series of representations to her, including promises, upon which she relied to obtain remedial dental treatment, and that she changed her position in justifiable reliance on the representations.

Defendant's third preliminary objection is in the nature of a demurrer whereby defendant requests the court dismiss Count 3 of plaintiff's complaint because equitable estoppel is not an independent cause of action. Although equitable estoppel is not an independent cause of action, the doctrine of promissory estoppel may serve as an independent cause of action. *Paul v. Lankenau Hospital,* 375 Pa. Super. 1, 543 A.2d 1148 (1988), *reversed on other grounds,* 524 Pa. 90, 569 A.2d 346 (1990). The elements of promissory estoppel are a promise by a promisor that: (1) the promisor should reasonably expect to induce reliance or forbearance by a promisee; (2) actually induces reliance or forbearance; and (3) injustice can be avoided only by enforcement of the promise. *Paul v. Lankenau Hospital, supra* at 9, 543 A.2d at 1153.

A plaintiff attempting to recover on the basis of estoppel need not attach the correct label to the claim, he need only plead the elements of the cause of action. *Id.* Although plaintiff has attached the wrong label to Count 3 of her complaint, she has pled the elements of promissory estoppel; therefore, defendant's preliminary objection to Count 3 of plaintiff's complaint is overruled. Plaintiff is authorized to amend her complaint to label Count 3 as promissory estoppel.

## ORDER

And now, January 8, 1996, upon due consideration of defendant's preliminary objections to plaintiff's complaint, it is hereby ordered that: (1) defendant's preliminary objection in the nature of a motion to strike paragraph 19 of plaintiff's complaint for failure to plead material facts with sufficient specificity is overruled; (2) defendant's preliminary objection in the nature of a demurrer to Count 2 of plaintiff's complaint is sustained; and (3) defendant's preliminary objection in the nature of a demurrer to Count 3 of plaintiff's complaint is overruled. Pursuant to Pa.R.C.P. 1028(e), plaintiff is authorized to file an amended complaint in accord with the Pennsylvania Rules of Civil Procedure.