**Shannon KERN, as Parent and Natural Guardian of Zachary Kern, a Minor, Plaintiff,**

**v.**

**Susan D. PECK, D.O.; Steven R. Sheppard, D.O.; Mountain View Obstetrics & Gynecology, Ltd.; Larry A. Allingham, D.O.; Anesthesia Associates of Hanover, P.C.; and Hanover Hospital, Defendants.**

No. 4:CV–98–0149.

United States District Court, M.D. Pennsylvania.

Dec. 31, 1998.

Donald L. Reihart, Law Offices of Donald L. Reihart, York, PA, for plaintiff.

Francis E. Marshall, Jr., Marshall Smith & Haddick, P.C., Camp Hill, PA, Jack M. Hartman, Esquire, Hartman & Miller, P.C., Harrisburg, PA, Daniel F. Ryan, III, Mary Ann Martillotti, O'Brien & Ryan, Plymouth Meeting, PA, for defendants.

### ORDER

McCLURE, District Judge.

### BACKGROUND:

On January 29, 1998, plaintiff Shannon Kern, as parent and natural guardian of Zachary Kern, a minor, commenced this ac-

tion with the filing of a complaint alleging medical malpractice by defendants Susan D. Peck, D.O., Steven R. Sheppard, D.O., and Larry A. Allingham, D.O. Mountain View Obstetrics & Gynecology, Ltd., Anesthesia Associates of Hanover, P.C., and Hanover Hospital were also named as defendants based on theories of respondeat superior and corporate liability. Shannon Kern was treated by the individual defendants during her pregnancy, during the birth of Zachary Kern on March 29, 1993, and in the period following Zachary's birth. The complaint alleges that the substandard care and treatment provided by defendants led to complications and injury to Zachary.

Before the court is a motion by Shannon Kern to amend the complaint to add causes of action for breach of an implied contract.

### DISCUSSION:

### I. STANDARD

A party may amend a pleading once as a matter of course before a responsive pleading is served. Once a responsive pleading is served, a pleading may be amended only with the consent of the adverse party or by leave of court, and such leave is to be freely given. Fed.R.Civ.P. 15(a). Denial of a motion for leave to amend is within the discretion of the district court. *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1203 (3d Cir.1989), *cert. denied*, 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990). Factors to be considered include undue delay, undue prejudice to the opposing party, futility of the amendment, *id.* (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)), bad faith, and dilatory motive. *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir.), *cert. granted*, —— U.S. ——, 119 S.Ct. 31, 141 L.Ed.2d 791 (1998).[1] An amendment under Rule 15(a) generally will relate back to the date of the filing of the original pleading. *See* Fed.R.Civ.P. 15(c).

In this instance, defendants rely on the futility of the amendment in opposing the motion for leave to amend.

---

**1.** Certiorari was granted in *Smith* on the issue of Title IX's applicability to the NCAA, 67 U.S.L.W.

3111, and not on any issue material to the instant case.

58

An amendment is futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief could be granted.... In determining whether the amendment would be futile, the district court applies the same standard of legal sufficiency as under Fed. R.Civ.P. 12(b)(6)....

*Smith* at 190.

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) admits the well-pleaded allegations of the complaint, but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). The complaint must be construed in favor of the plaintiff with every doubt resolved in the plaintiff's favor. *In re Arthur Treacher's Franchise Litigation,* 92 F.R.D. 398, 422 (E.D.Pa.1981). That is, the court must accept as true all factual allegations set forth in the complaint as well as all reasonable inferences that can be drawn from them. *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996); *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). The court looks only to the facts alleged in the complaint and any attachments, without reference to any other parts of the record. *Jordan* at 1261. "[A] case should not be dismissed unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations." *Id.* (citing, *inter alia, Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Whether a plaintiff will ultimately prevail is not a consideration for review of a motion under Rule 12(b)(6). *Nami* at 65.

## II. PLAINTIFF'S AMENDMENT

■ Defendants (with the exception of defendant Allingham, who does not oppose the motion since it does not affect the allegations against him) proffer a number of reasons for which the proposed amendment would be futile. Primarily, defendants Peck, Sheppard, and Mountain View Obstetrics & Gynecology rely on the statute of limitations. Defendant Hanover Hospital argues both that the statute of limitations bars the action and that the action actually sounds in tort, not

contract; the two arguments are related. Because we agree with the latter argument, however, we need not address specifically the statute of limitations as it applies to quasi-contracts or contracts implied by law.

As relates to the contract claims, plaintiff sets forth the following allegations in the proposed amended complaint:

At all times relevant hereto, the Defendants, Susan D. Peck, D.O. and Steven Sheppard, D.O. and their employer, Mountain View Obstetrics & Gynecology, Ltd., offered to provide timely, skillful and careful obstetrical and gynecological care to Plaintiff, Shannon Kern, and her unborn child for an agreed consideration.

The Plaintiff, Shannon Kern, accepted the offer of the said Defendants and agreed to pay a reasonable consideration for the services performed.

The Defendants, Susan D. Peck, D.O. and Steven R. Sheppard, D.O. and their employer, Mountain View Obstetrics & Gynecology, Ltd., charged Plaintiff Two Thousand Nine Hundred Eighty Dollars ($2,980.00) for the prenatal, perinatal and delivery charge, together with an assistant delivery charge and two post-partum visits, for a total sum of Two Thousand Nine Hundred Eighty Dollars ($2,980.00) which was paid to them.

. . .

At all times relevant hereto, the Defendant, Hanover Hospital, offered to provide obstetrical and gynecological facilities, including professional nursing and other healthcare support to Shannon Kern and her unborn child for an agreed upon consideration. A copy of the summary of the charges generated is appended hereto and marked as EXHIBIT "A". The services billed for were One Thousand Nine Hundred Twenty–Five and 50/100 Dollars ($1,925.50) which was paid.

Proposed Amended Complaint at 4–7 ¶¶ 15–17, 26.

In addition, Count VIII of the proposed amended complaint alleges that defendants Peck, Sheppard, and Mountain View failed "to deliver timely, skillful and careful healthcare" to Shannon and Zachary Kern, thereby

breaching the contract. Count IX states the same as to defendant Hanover Hospital. Count VIII seeks expenses for past and future medical, hospital, nursing and other expenses to care for the birthing injuries suffered by Zachary Kern. Count IX seeks the same types of damages for both Shannon Kern and Zachary Kern.

In *Navin v. Byrne,* 638 F.Supp. 263 (M.D.Pa.1986), Judge Caldwell of this court was faced with a situation very similar to that presented in this case. The plaintiff in that case alleged medical malpractice for treatment which began in 1980 and ended in February, 1982. *Id.* at 264. As Pennsylvania law controlled, as it does in this case, Judge Caldwell looked to the Pennsylvania statute of limitations. He found that the plaintiff had all of the information necessary for purposes of the "discovery rule" by April, 1983, so that the statute of limitations began to run at that time. Since the action was not filed until August 6, 1985, it was after the 2–year statute of limitations governing personal injury actions, 42 Pa. Cons.Stat. Ann. § 5524(2), had expired. *Id.* at 267–268.

Judge Caldwell then considered a claim set forth in the plaintiff's amended complaint for breach of contract. He quoted at length from an opinion of the Superior Court of Pennsylvania regarding the applicability of contract law to an action for medical malpractice. *Id.* at 268 (quoting *Murray v. Univ. of Pennsylvania Hospital,* 340 Pa.Super. 401, 405–406, 490 A.2d 839, 841–842 (1985)). In that case, the Superior Court held that a doctor and patient may contract for a specific result, and a contract action will lie if the specific result is not achieved. In such an instance, the 6–year statute of limitations for contract actions applies. Otherwise, the 2–year statute of limitations "cannot be avoided by the expedient of pleading in contract." *Id.* The determinative factor is the nature of the remedy sought. If damages represent the cost of completing the contract or for remedying defects in performance, the 6–year statute applies. If the damages are sought for personal injuries, the 2–year statute applies. *Id.*

In applying these principles to the case before him, Judge Caldwell concluded that the 2–year period applied, considering specifically the facts that the negligence allegations were incorporated into the breach of contract claims, the damages sought were typical of negligence claims, the contract was for care within the standard of care of a physician of the defendant's expertise, and the defendant did not fail to provide a specific, promised result. The inevitable conclusion was that the claim was for personal injuries pleaded in contract. *Id.*

These principles apply with equal force to the situation presented to this court. Plaintiff alleges that defendants Peck and Sheppard contracted to provide timely and skillful care, not that they promised a specific result. The injuries suffered were personal in nature, not contractual. The damages sought are for future care, not to complete the contract or to remedy deficient performance (in the contract sense), and are typical of a negligence claim. The negligence claims are incorporated into the breach of contract claims, and the alleged breach is failure to conform to the appropriate standard of care. As in *Navin,* the inevitable conclusion is that this is a negligence claim pled as a contract claim. The 2–year statute of limitations applies to bar the action by Shannon Kern, and Counts VIII and IX are redundant as to Zachary Kern.

The motion for leave to amend will be denied, as the amendment is futile.

**NOW, THEREFORE, IT IS ORDERED THAT** plaintiff's motion (record document no. 26) for leave to file an amended complaint is denied.