Delores EDWARDS, Appellant,

v.

**GERMANTOWN HOSPITAL
and Meena V. Phatak,
M.D. Appellees.**

Superior Court of Pennsylvania.

Argued May 19, 1999.
Filed Aug. 2, 1999.

Rudolph J. Di Massa, Philadelphia, for appellant.

Lynn F. Reutelhuber, Harrisburg, for Germantown Hospital, appellee.

Paul E. Peel, Plymouth Meeting, for Meena V. Phatak, M.D., appellee.

Before CAVANAUGH, JOYCE and OLSZEWSKI, JJ.

JOYCE, J.:

¶ 1 This is an appeal from the orders entered by the trial court granting the preliminary objections in the nature of a demurrer filed by Germantown Hospital and the motion for judgment on the pleadings filed by Meena Phatak, M.D. For the reasons set forth below, we affirm. Before addressing the merits of this appeal, we will briefly recount the pertinent facts.

¶ 2 Appellant, Delores Edwards, underwent a tubal ligation on her left fallopian tube on January 27, 1994.[1] The procedure was performed by Dr. Phatak (Phatak) at Germantown Hospital (GH). In August of 1994, Appellant was hospitalized for treatment of nausea and abdominal pain. At this time, Appellant was found to be pregnant. She later delivered a healthy child.

¶ 3 Appellant commenced suit against Appellees, Phatak and GH, by writ of summons filed in January of 1998. Appellant later filed a complaint in which she sought to hold Appellees liable pursuant to a breach of an express oral contract theory. In response, Phatak filed an answer and new matter; GH filed preliminary objections in the nature of a demurrer. Appellees both asserted that Appellant was not entitled to relief by virtue of the Health Care Services Malpractice Act (HCSMA), 40 P.S. § 1301.606.[2] The trial court agreed and granted GH's preliminary objections and Phatak's motion for judgment on the pleadings. Appellant timely appealed and presents the following issues for review: (1) whether the trial court erred in failing to conclude that the purpose of the HCSMA is to determine patient claims arising out of the negligent delivery of medical services; (2) whether the trial court erred in concluding that 40 P.S. 1301.606 requires a special contract for a cure or a result to be in writing; (3) whether the trial court erred in concluding that Appellant cannot maintain a cause of action under ordinary contract principles; and (4) whether the trial court erred in concluding that *Murray v. University of Pennsylvania Hospital*, 340 Pa.Super. 401, 490 A.2d 839 (1985), and *Mason v. Western*, 286 Pa.Super. 354, 428 A.2d 1366 (1981), *vacated and remanded*, 499 Pa. 484, 453 A.2d 974 (1982), are not controlling.

¶ 4 All of Appellant's allegations of error implicate the trial court's grant of GH's preliminary objections in the nature of a demurrer[3] and grant of Phatak's mo-

---

1. Appellant previously had her right fallopian tube removed.

2. In citing the provisions of the HCSMA, the parties consistently indicate that it is found within Title 40 of the Pennsylvania Consolidated Statutes Annotated (40 Pa.C.S.A.). The parties are in error; the correct citation is to Title 40 of the Pennsylvania Statutes (40 P.S.).

We will utilize the correct citation throughout our discussion.

3. As previously noted, GH's demurrer was premised on the HCSMA, 40 P.S. § 1301.606. GH's Preliminary Objections, filed 6/25/98, at paragraphs 4–8. The HCSMA is technically an affirmative defense which ought to have been asserted in new matter rather than by

tion for judgment on the pleadings. With respect to the trial court's sustenance of the demurrer, we recognize that:

> Where a preliminary objection in the nature of a demurrer is sustained, an appellate court's review is limited. All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purpose of this review. The question presented by demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Moser v. Heistand,* 545 Pa. 554, 559, 681 A.2d 1322, 1325 (1996) (citation omitted). We need not accept a party's allegations as true to the extent they constitute conclusions of law, however. *Scarpitti v. Weborg,* 530 Pa. 366, 368, 609 A.2d 147, 148 (1992).

¶ 5 In reviewing the trial court's grant of Phatak's motion for judgment on the pleadings, our scope of review is plenary. *Vetter v. Fun Footwear Co.,* 447 Pa.Super. 84, 668 A.2d 529, 531 (1995) (*en banc*), *appeal denied,* 544 Pa. 658, 676 A.2d 1199 (1996).

> Our review of a trial court's decision to grant...judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warranted a jury trial. In so reviewing, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evi-

dence that there are no material facts in dispute such that a trial by jury would be unnecessary.

*Pennsylvania Financial Responsibility Assigned Claims Plan v. English,* 541 Pa. 424, 428–429, 664 A.2d 84, 86 (1995). *Accord Vetter,* 668 A.2d at 530–531. We will evaluate the trial court's decision and Appellant's arguments with the above considerations in mind.

¶ 6 Appellant's first three claims all concern the trial court's application of the HCMSA, 40 P.S. § 1301.606. Because these matters are intertwined, they will be addressed together. Appellant first contends that the HCSMA is inapplicable because it is limited to actions involving the negligent delivery of medical services. Appellant's Brief at 4–5. Contrary to Appellant's assessment, the act contains an explicit statement of purpose, which is set forth as follows:

> It is the purpose of this act to make available professional liability insurance at a reasonable cost, and to establish a system through which a person who has sustained injury or death as a result of tort or breach of contract by a health care provider can obtain a prompt determination and adjudication of his claim and the determination of fair and reasonable compensation.

40 P.S. § 1301.102 (emphasis added). Thus, by its express terms, the HCSMA applies to injuries or death arising as a result of breach of contract, as well as tort, i.e., negligence.

¶ 7 If we were to construe the HCSMA in the manner suggested by Appellant we would, in effect, render the "breach of contract" language wholly nugatory. This

way of preliminary objections. *See* Pa.R.C.P. 1030 (requiring all affirmative defenses to be pled in a responsive pleading under the heading of new matter); *Flora v. Moses,* 727 A.2d 596, 599 (Pa.Super.1999) (regarding 40 P.S. § 1301.606 as an affirmative defense). However, Appellant did not bring this defect to the attention of the trial court by way of preliminary objections. Moreover, the trial court considered the issue. We may therefore

properly consider this claim. *See Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 592–593, 511 A.2d 757, 758–759 (1986) and *Taras v. Wausau Insurance Co.,* 412 Pa.Super. 37, 602 A.2d 882, 883 n. 1 (1992), *appeal denied,* 532 Pa. 657, 615 A.2d 1313 (1992) (both of which review affirmative defenses that were improperly raised in preliminary objections where the plaintiffs failed to file preliminary objections).

we decline to do. *See* 1 Pa.C.S.A. § 1921(a) (providing, in relevant part, that every statute shall be construed, if possible, to give effect to all its provisions); 1 Pa.C.S.A. § 1922(2) (indicating that in ascertaining the intention of the General Assembly, it is presumed that the General Assembly intends the entire statute to be effective and certain); *In the Matter of the Employees of Student Services, Inc.*, 495 Pa. 42, 52, 432 A.2d 189, 193 (1981) (stating that, whenever possible, each word in a statutory provision is to be given meaning and not to be treated as surplusage); *City of Allentown v. Pennsylvania Public Utility Commission*, 173 Pa.Super. 219, 96 A.2d 157, 158 (1953) (indicating that in construing a statute, no word of the statute is to be left meaningless, unless no other construction is possible). We therefore reject Appellant's contention that the HCSMA is confined to injuries or death arising out of the negligent delivery of medical services.

¶ 8 Appellant next asserts that section 1301.606 is inapplicable because it only pertains to a "cure" rather than a "result" of treatment. Appellant's Brief at 5–8. This Court recently rejected a similar argument, concluding that such a construction would frustrate the purpose of the act. *Flora v. Moses*, 727 A.2d 596, 599 (Pa.Super.1999). This Court thus viewed the terms "cure" and "result" as being synonymous. *Id.* *See also Grabowski v. Quigley*, 454 Pa.Super. 27, 684 A.2d 610, 616 (1996), *appeal dismissed as having been improvidently granted*, 553 Pa. 75, 717 A.2d 1024 (1998) (interchanging the terms "cure" and "result of treatment" in discussing the applicability of section 1301.606). Review of the pertinent legislative history suggests that our decision in *Flora* is consistent

with the General Assembly's intent. *See* Legislative Journal of the House, Vol. I, No. 66, at 2252, 2256 and 2320 (July 21, 1975) (in which the house representatives indicated that section 1301.606 was intended to comport with existing caselaw, i.e., *Gray v. Grunnagle*, 423 Pa. 144, 223 A.2d 663 (1966), by providing that a physician is neither a warrantor nor a guarantor of the result).[4] Accordingly, we deem this challenge to be without merit.

¶ 9 In conjunction with the above argument, Appellant further asserts in her brief that a written contract existed by virtue of the written consent form that she signed. Appellant's Brief at 7. However, Appellant's complaint did not seek to impose liability based on Appellees' breach of a written agreement. Review of the complaint instead demonstrates that Appellant's cause of action was premised on the existence of an express oral contract. *See* Appellant's Complaint, filed 4/9/98, at paragraph 8 (hereinafter Complaint). Consequently, no relief is due on this basis.[5]

¶ 10 The remaining issues involve the question of whether Appellant may assert an action for breach of contract under existing caselaw, notwithstanding the provisions of the HCMSA. For support, Appellant refers us to *Murray* and *Mason*, *supra.* Appellant's reliance on these decisions is misplaced.

¶ 11 *Mason* does not indicate whether the patient sought to recover for breach of an oral or written contract. In any event, the plaintiffs therein asserted causes of action in both tort and contract and the primary issue addressed on appeal concerned the damages to which the plaintiff was entitled.[6] *Mason*, 499 Pa. at 486–487,

---

4. Although *Gray* was an informed consent case, our Supreme Court summarized the existing caselaw and noted that, "[i]n the absence of a special contract, a physician or surgeon is neither a warrantor of a cure nor a guarantor of the result of his treatment." *Gray*, 423 Pa. at 154, 223 A.2d at 668.

5. To the extent Appellant's cause of action was premised on a writing as she now claims, she failed to attach the consent form to her complaint as required by Pa.R.C.P. 1019(h).

6. *Mason* has been superceded, to an extent, by statute. *See* 42 Pa.C.S.A. § 8305 (providing that there shall be no cause of action for wrongful life or birth and precluding an

453 A.2d at 975–976. While the patient sought to recover for breach of an alleged oral contract in *Murray*, the discussion therein primarily focused on the issue of whether a two- or six-year statute of limitations governed the patient's action for breach of contract. *Murray*, 490 A.2d at 841–844.

¶ 12 More importantly, neither *Murray* nor *Mason* purported to address the applicability of section 1301.606 of the HCSMA as the contract in each case and breach thereof arose well before the HCSMA went into effect. *See Murray*, 490 A.2d at 842 (indicating that surgery was performed in 1970) and *Mason*, 499 Pa. at 486, 453 A.2d at 975 (noting that surgery was performed in 1974) and *compare with* Act of October 15, 1975, P.L. 390, No. 111, § 1008 (providing that the act shall take effect in ninety (90) days). Because neither *Mason* nor *Murray* addressed the issue presented here, these decisions are inapposite. We are instead guided by this Court's recent pronouncements in *Flora* and *Grabowski*, *supra*, which specifically discuss section 1301.606 of the HCSMA.

 ¶ 13 In both cases, this Court reiterated the need for a contract concerning the guarantee of a specific result or cure to be in writing. *See Flora*, 727 A.2d at 599 (noting that section 1301.606 of the HCMSA endeavors to prevent controversy and confusion by requiring that a physician's statements will not be construed as a warranty or guarantee that treatment will produce a specific result or cure unless expressly set forth in writing) and *Grabowski*, 684 A.2d at 617 (discussing section 1301.606 of the HCSMA and recognizing that a special written contract in the context of a warranty or guarantee is necessary because the medical profession can seldom guarantee a specific result from a given method of treatment). Appellant, like the plaintiff in *Flora*, seeks to recover based on the failure of the treatment to produce a particular result. Complaint, at

award of damages based on a claim that, but for an act or omission of the defendant, a

paragraph 9. Consequently, the agreement was required to be in writing. *Flora, supra.*

¶ 14 Because Appellant did not aver the existence of a written contract in her complaint, she has failed to set forth a basis upon which relief may be granted. Viewed in this manner, the trial court did not err in granting either GH's preliminary objections in the nature of a demurrer or Phatak's motion for judgment on the pleadings. As Appellant is not entitled to the grant of any appellate relief, we affirm the orders entered by the trial court.

¶ 15 Orders affirmed.

person conceived would or should not have been born).