# North German Lloyd Steamship Company, Appellant, *v.* Wood.

*Contract—Set-off—Unliquidated damages.*

A defendant in any action founded upon a contract may set off unliquidated damages arising ex contractu from any bargain whenever they are capable of liquidation by any known legal standard.

*Contract—Set-off—Mental suffering—Physical injury—Steamship companies.*

In an action by a steamship company to recover passage money, an affidavit of defense is sufficient which avers that the defendant contracted for a particular stateroom, but that the company refused to permit her to occupy it; that the stateroom for which she contracted was a comfortable one, but that she was compelled to occupy a room at the stern of the vessel near the machinery; that the said room was most uncomfortable; that the motion there was very great, and the rattle of the machinery there was such as to prevent her from sleeping; that in consequence of the discomforts of the room and the disturbance occasioned by the movement and noise of the machinery, defendant was able to sleep but very little during the entire voyage, and in consequence suffered nervous sickness, causing her much pain and suffering, which continued during the entire voyage, and after her arrival in this country.

*Damages—Mental suffering—Bodily pain—Physical injury—Negligence.*

Mental suffering as distinct from bodily pain can be considered in an action for damages for injury to the person when such suffering is attendant upon and results from a physical injury.

Argued Oct. 24, 1901.  Appeal, No. 210, Oct. T., 1901, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1900, No. 645, discharging plaintiff's rule for judgment for want of a sufficient affidavit of defense in case of North German Lloyd Steamship Company v. Meta J. Wood.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for passage money.

The affidavit of defense was as follows:

That in October, 1900, she engaged a passage from Europe to America on the steamer owned by the plaintiff, known as the "Kaiser Wilhelm der Grosse."  That the number of the stateroom which she engaged was "342," and the price of it

was $130. That on October 16, she called at the office of the company in Paris and gave a check for $500, upon which this suit is brought, and received the difference between the amount of the check and the cost of the ticket, to wit: $370, in cash. That she received from the agent of the plaintiff a ticket, a copy of which is hereto annexed and made part of this affidavit. The steamer was to sail on October 7 from Cherbourg at 4 o'clock. Defendant arrived there in the afternoon of that day and took a tug at half-past eight o'clock in the evening to the steamer, which was some several miles from shore, awaiting the arrival of the tug, the steamer having left Southampton some three or four hours previously. As soon as the passengers got aboard the steamer, the tug left and the steamer sailed. Deponent went to the room for which she had a ticket, to wit: No. 342, and found it occupied. She sought the purser and he stated that there must have been some mistake, and that he would endeavor to correct it. At half-past two o'clock in the morning he came to her and stated that the only cabin he could give her was a cabin which was numbered 328. The defendant had no alternative and was compelled to occupy during the voyage the room thus assigned her. The stateroom No. 342, for which the defendant had a ticket, was a comfortable one, located near the gangway of the ship, where there was comparatively little noise and less motion than further aft, in which defendant could have made a comfortable and satisfactory voyage, and for that reason she selected it, while the cabin she was compelled to occupy, to wit: No. 328, was at the stern of the vessel, was most uncomfortable, the motion there was very great and the rattle of the machinery there was such as to prevent her from sleeping. In consequence of the discomforts of the room and the disturbance occasioned by the movement and noise of the machinery, defendant was able to sleep but very little during the entire voyage, and in consequence suffered nervous sickness, causing her much pain and suffering, which continued during the entire voyage and after her arrival in this country. The distress of mind and the nervous trouble and pain occasioned by the uncomfortable character of the substituted stateroom which she was compelled to occupy, and the noise consequent upon its location was continuous during the entire voyage. Defendant claims that she has suffered damages to the extent of $5,000 in

consequence of the action of plaintiff, and by reason thereof she will claim a set-off against plaintiff's demand, etc., and a certificate for the difference between that amount and the check for $500.

All of which facts defendant believes to be true and expects to be able to prove upon the trial of the case.

*Error assigned* was the order of the court.

*John Cromwell Bell*, for appellant.—The true measure of damages is the difference between the market price or value of the two staterooms : Youghiogheny Iron & Coal Co. v. Smith, 66 Pa. 340; Buffington v. Quintin, 17 Pa. 310; Adams Express Company v. Egbert, 36 Pa. 360; Billmeyer, Dill & Co. v. Wagner, 91 Pa. 92; Pittsburg Coal Co. v. Foster, 59 Pa. 365; Kinports v. Breon, 193 Pa. 309; Hare on Contracts, title, "Remedies of the Vendee," page 537.

The following cases establish that damages for mental suffering cannot be recovered in actions for breach of contract, viz : Hamlin v. Great Northern Ry. Co., 1 H. & N. 408; Hobbs v. London & South Western Ry. Co., L. R. 10 Q. B. 111; Connell v. Western Union Tel. Co., 116 Mo. 34; Wilcox v. Richmond, etc., Ry. Co., 52 Fed. Repr. 264.

That damages for breach of contract must be such as may fairly be presumed to have entered into the contemplation of the parties when they made the contract : Adams Express Co. v. Egbert, 36 Pa. 360; Pittsburg Coal Co. v. Foster, 59 Pa. 365; Billmeyer v. Wagner, 91 Pa. 92; McConaghy v. Pemberton, 168 Pa. 133; Hadley v. Baxendale, 9 Exch. 341.

Unliquidated damages arising ex delicto cannot be set off in this action of assumpsit. This is established law : City of Phila. to use, etc., v. O'Conner, 9 Pa. Dist. Rep. 230 (1900); Hunt v. Gilmore, 59 Pa. 450; Ahl v. Rhoads, 84 Pa. 319; Groetzinger v Latimer, 146 Pa. 632.

The authorities are uniform in Pennsylvania, and are, moreover, in accord with the weight of authority elsewhere, that in actions for negligence there can be no recovery for mental suffering, except as an incident to some physical injury : Ewing v. Pittsburg, etc., Ry. Co., 147 Pa. 40; Fox v. Borkey, 126 Pa. 164; Lynch v. Knight, 9 H. L. * 577.

*Samuel Gustine Thompson*, for appellee.—The affidavit avers something more than mere mental pain, viz: nervous trouble, which means nervous sickness, also pain and suffering during the voyage and after her arrival. Clearly such damages would be recoverable in an independent action, and if so, they may be set off in an action like the present: Ahl v. Rhodes, 84 Pa. 325; Russell v. Miller, 54 Pa. 164; Hunt v. Gilmore, 59 Pa. 452; McBride v. Daniels, 92 Pa. 332; Lucas v. Government Nat. Bank of Pottsville, 78 Pa. 228.

Breach of contract by plaintiff producing loss to the defendant is sufficient consideration to sustain the defense of set-off or defalcation: Carmen v. Franklin Fire Ins. Co., 6 W. & S. 155; 3 Sedgwick on Damages. sec. 1031; Fessler v. Love, 43 Pa. 317; Culin v. Woodbury Glass Works, 108 Pa. 220; Glennon v. Lebanon Mfg. Co., 27 W. N. C. 556.

As to damages for mental suffering and that a recovery may be had for pain consequent upon mental suffering, the following citations are submitted: Beasley v. Western Union Telegraph Co., 39 Fed. Repr. 187; Renihan v. Wright, 125 Ind. 546; Wells, Fargo & Co.'s Express v. Fuller, 13 Texas Civ. App. 610.

OPINION BY W. D. PORTER, J., December 16, 1901:

This action was brought upon a check, payable to the order of plaintiff, made by the defendant and the payment of which she had stopped. The affidavit of defense distinctly averred that a part of the consideration for which this check was given had been a certain contract between the defendant and the plaintiff company under the terms of which the plaintiff company undertook to transport her from Cherbourg to New York by the steamship Kaiser Wilhelm der Grosse, which was to sail from the former port on October 17, 1900, and that upon the voyage she was to occupy a certain stateroom numbered 342. That upon the day agreed upon she went on board a tug provided by the plaintiff company, at Cherbourg, and was carried to the steamship, which was awaiting the arrival of the tug several miles off shore; that as soon as defendant was put on board the steamer the tug left and the steamer sailed for New York; that after the voyage had been commenced she was for the first time informed by the representative of the plaintiff

company that she would not be permitted to occupy the state-room for which she had contracted, for the reason that it had been sold by the company to some other passenger; that the only cabin they could give the defendant was numbered 328, and that the defendant had no alternative and was compelled to occupy the room thus assigned her. That the stateroom 342 for which defendant had contracted was a comfortable one, located near the gangway of the ship, where there was comparatively little noise and less motion than further aft, in which defendant could have had a comfortable and satisfactory voyage, and for that reason she selected it, while the cabin she was compelled to occupy was at the stern of the vessel and most uncomfortable, the motion there being very great and the rattle of the machinery such as to prevent her from sleeping. That in consequence of the discomforts of the room and the disturbance occasioned by the movement and noise of the machinery, defendant was able to sleep but very little during the entire voyage, and in consequence suffered nervous sickness, causing her much pain and suffering, which continued during the entire voyage and after her arrival in this country; that the distress of mind and the nervous trouble and pain occasioned by the uncomfortable character of the substituted stateroom which she was compelled to occupy and the noise consequent upon its location, was continuous during the entire voyage, and that she had suffered damages to the amount of $5,000 in consequence of the action of plaintiff and by reason thereof claimed a set-off against plaintiff's demand and a certificate for the difference between the amount of said demand and the damages which she had suffered. The court below discharged a rule for judgment for want of a sufficient affidavit of defense, and the plaintiff appealed.

It is well settled that a defendant in any action founded upon contract may set off unliquidated damages arising ex contractu from any bargain whenever they are capable of liquidation by any known legal standard: Hunt v. Gilmore, 59 Pa. 450; McBride v. Daniels, 92 Pa. 332; Haines v. Young, 13 Pa. Superior Ct. 303. It is contended upon behalf of the plaintiff, however, that the measure of damages for the breach of contract alleged in the affidavit of defense was the difference between the market price or value of the stateroom which the

plaintiff was entitled to have and that which she was compelled to occupy during the voyage. There might be some virtue in this contention if the defendant had been afforded an opportunity for choice in the matter, if before the vessel sailed she had been notified that she could not occupy the stateroom which the company had contracted to give her, and she had thereupon elected to make the voyage in the stateroom which they placed at her disposal. This defendant was given no choice; she was not aware of the breach of contract upon the part of the company until after the vessel was at sea, and she then had to take what the company saw fit to give. It cannot in strictness be said that each particular stateroom on a certain steamship has a market value, there being no open market in which the value can be ascertained; the owners of the vessel are the only sellers and fix the rates which passengers are required to pay. Should the owners of a vessel enter into distinct contracts with a score of different persons that they should each, respectively, have the exclusive right to occupy upon a certain voyage a particular stateroom, which was the most desirable upon the vessel, and then permit none of the persons to occupy the stateroom which had thus been repeatedly sold, they could not escape the payment of damages for the breach of these contracts by showing that after they had succeeded in getting the passengers on board the ship and out upon the sea, they had given to each one of them a stateroom for which the owners of the vessel had fixed the same price as that for which their passengers had contracted. It would be for a jury to say whether the accommodations furnished were worth as much as those contracted for. The plaintiff further contends that the damages alleged in the affidavit of defense are for mental suffering alone and cannot be set off against the plaintiff's claim. It must be conceded that for mere disappointment, anxiety and suspense of mind arising from a breach of contract there can be no recovery: Hamlin v. Great Northern Ry. Co., 1 H. & N. 408; Walsh v. Chicago, etc., Ry. Co., 42 Wis. 23; Connell v. Western Union Tele. Co., 116 Mo. 34. Mental anguish alone unaccompanied by an injury to the person, growing out of negligence in the performance of a contract or a breach thereof, except it be in case of a promise to marry, does not afford a ground of action: Ewing v. Pittsburg, Chicago, Cincinnati & St. Louis Ry. Co., 147 Pa. 40. The wrong alleged in

this affidavit of defense involves more than a mere injury to the feelings and mental suffering, however, for it distinctly alleges that the stateroom which the plaintiff company compelled her to occupy was most uncomfortable, that the motion there was very great and the rattle of the machinery there was such as to prevent her from sleeping ; and that in consequence of the discomforts of the room and the disturbance occasioned by the movement and noise of the machinery, defendant was able to sleep but very little during the entire voyage, and in consequence suffered nervous sickness, causing her much pain and suffering, which continued during the entire voyage and after her arrival in this country. We must for the purpose of this case accept this declaration as true. These averments deal with physical causes and results. Had the loss of sleep resulted from mere vexation and disappointment or from something in the surroundings of the room which would not have disturbed the ordinary person, then it could not have been said that the plaintiff company ought to have foreseen that their failure to execute their contract according to its terms would have resulted in the defendant passing a sleepless voyage. The noise made by machinery acts upon the physical sense and may be of such a character as to prevent sleep, which this defendant says it did in this case. We cannot say that the loss of sleep would not be the reasonable and probable consequence, with the ordinary person, of being compelled to remain in a noisy stateroom. The loss of sleep for a considerable period will affect the body as well as the mind, and the resulting injury follows as a natural consequence. The affidavit alleges that as a consequence of the loss of sleep the defendant " suffered nervous sickness, causing her much pain and suffering, which continued during the entire voyage and after her arrival in this country." The nervous system is a part of the physical organization, and this affidavit sufficiently alleges a physical injury. Mental suffering, as distinct from bodily pain, can be considered in an action for damages for injury to the person, when such suffering is attendant upon and results from a physical injury : Wilcox v. Richmond & Danville Ry. Co., 52 Federal Reporter, 264. We are of opinion that the affidavit of defense sufficiently alleges a physical injury directly resulting from the plaintiff's breach of contract, and which was, a reasonable

and probable consequence of such breach.   The law furnishes a rule for' the ascertainment' of the damages arising from such an injury and the defendant is entitled to have them ascertained by a jury.

The judgment is affirmed, and the appeal is dismissed without prejudice, etc.