## Dukow v. Penn Forge, Inc.

*Davis & Davis*, for plaintiff.

*A. M. Hankin*, for defendant.

WINNET, J., October 14, 1947.—This is a suit in assumpsit by plaintiff, an accountant, to recover $200 for professional services rendered. Defendant denies that there is any money due for the reason that plain-

tiff failed properly to perform his duties as an accountant. The answer to the complaint contains a counterclaim in which defendant asks $500 damages, saying that as a result of plaintiff's failure properly to perform his duties "defendant was obliged to retain another accountant to perform the services for which plaintiff was paid and it suffered considerable annoyance, inconvenience and expense". Plaintiff has demurred to the counterclaim.

The counterclaim is patently defective. Defendant cannot counterclaim for his annoyance and inconvenience. Damages for mental suffering are not compensable in an action for breach of contract: A. L. I. Restatement of the Law of Contracts §341.

In North German Lloyd Steamship Co. v. Wood, 18 Pa. Superior Ct. 488, in an action on a check, given for steamship passage, defendant was allowed to set off his physical and mental suffering. The case cannot be construed as indicating that Pennsylvania does not follow the general rule. The damages to defendant followed as a direct breach of the contract for hire, comfortable quarters. The law here, as everywhere, is that mental suffering cannot be recovered in an action for breach of contract. The damages which are recoverable are "losses caused, or for profit or other gains prevented by the breach only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty": A. L. I. Restatement of the Law of Contracts §331. There are very few breaches of contract which do not involve annoyance and inconvenience. This, however, since time immemorial has not been considered elements of damage.

The demurrer is sustained. Leave is given to defendant to file within 15 days an amended counterclaim specifically itemizing the losses, if any, claimed against plaintiff by reason of the alleged breach of contract.