510 A.2d 352

**Joyce SPACK, Michael Spack,**

**v.**

**Panayotis APOSTOLIDIS, M.D. and the Lankenau Hospital.**

**Appeal of Joyce SPACK.**

**Debra Lee JACKSON, Charlie Andrew Jackson,**

**v.**

**Panayotis APOSTOLIDIS, M.D. and the Lankenau Hospital.**

**Appeal of Debra Lee JACKSON.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Filed April 28, 1986.

Reargument Denied June 19, 1986.

Petition for Allowance of Appeal Denied Nov. 5, 1986.

Gregory G. Stagliano, Media, for Spack, appellant.

David E. Auerbach, Media, for Jackson, appellant.

Harvey A. Sernovitz, Philadelphia, for Apostolidis, appellee.

Ralph L. Hose, Ardmore, for Lankenau, appellee.

Before ROWLEY, DEL SOLE and BECK, JJ.

BECK, Judge:

Appellants appeal the judgment on the pleadings entered in favor of appellee Dr. Apostolidis on the ground that the appellants' suit was barred by the two-year statute of limitations. We affirm.

In reviewing an order granting a motion for judgment on the pleadings, we "accept as true the opposing party's well-pleaded averments of fact and consider against him

only those facts which he specifically admits." *Zelik v. Daily News Publishing Co.*, 288 Pa.Super. 277, 279, 431 A.2d 1046, 1047 (1981). In ascertaining the facts, we must examine only the pleadings and the documents properly attached thereto. *Gallo v. J.C. Penney Casualty Insurance Co.*, 328 Pa.Super. 267, 476 A.2d 1322 (1984). "No affidavits, depositions or briefs may be considered." *Id.*, 328 Pa.Superior Ct. at 270, 476 A.2d at 1324. Judgment on the pleadings will be upheld only " 'in cases which are so free from doubt that trial would clearly be a fruitless exercise.' " *Id.*, 328 Pa.Superior Ct. at 270, 476 A.2d at 1324; *Balush v. Borough of Norristown*, 292 Pa.Super. 416, 437 A.2d 453 (1981).

Appellants Mrs. Spack and Mrs. Jackson and their husbands claim damages stemming from Dr. Apostolidis' alleged May 20, 1977, sexual assault on Mrs. Spack and Mrs. Jackson during gynecological examinations. Nearly four years after the reputed incidents, on May 18, 1981, appellants Spack and appellants Jackson instituted actions against Dr. Apostolidis by writs of summons. Eight months later, on January 18, 1982, appellants Spack and appellants Jackson filed substantively identical six-count complaints against Dr. Apostolidis. In each complaint five counts were labelled trespass, and one count was labelled assumpsit.

Appellants concede that the five counts designated trespass in each complaint are barred by the two-year statute of limitations applicable to actions seeking recovery for personal injuries. Section 2 of the Act of June 24, 1895, P.L. 236, 12 P.S. § 34, now repealed and reenacted at 42 Pa.C.S. § 5524(2).[1] However, appellants contend that their cause of action pled in assumpsit is not time-barred because it is governed by the six-year statute of limitations applicable to actions seeking recovery for breach of contract. Section 1

1. In pertinent part, 12 P.S. § 34 states:
   Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards. . . .

of the Act of March 27, 1713, 1 Sm.L. 76, 12 P.S. § 31, now repealed and reenacted at 42 Pa.C.S. §§ 5525 and 5527.[2]

■ In Pennsylvania, the nature of the relief requested, rather than the form of the pleading, determines which statute of limitations controls a particular action. *Murray v. University of Pennsylvania Hospital,* 340 Pa.Super. 401, 490 A.2d 839 (1985); *Sykes v. Southeastern Pennsylvania Transportation Authority,* 225 Pa.Super. 69, 310 A.2d 277 (1973). As we explained in *Murray,*

> the two year statute applicable to causes of action for personal injuries cannot be avoided by the expedient of pleading in contract.... In determining which statute will control, it is necessary to determine the nature of the damages sought to be recovered.... If ... the damages sought to be recovered are for personal injuries, the two year period of limitation is clearly applicable.... It is applicable whether the pleaded cause of action sounds in contract or in tort.

*Id.,* 340 Pa.Superior Ct. at 405–06, 490 A.2d at 841–42; *see also Prosser and Keeton on the Law of Torts* § 92, at 666–67 (W. Keeton 5th ed. 1984). The rationale for utilizing the two-year statute of limitations for all actions seeking recovery for personal injuries, whether premised on a contract or a tort theory, is that

> the words of the personal injuries statute of limitations are general, and there is nothing to indicate that they were not intended to establish a general rule applicable to all cases within their terms, to wit, every suit to recover damages for injury wrongfully done to the person. Thus the application of the 2–year limitation cannot be avoided by suing in assumpsit, as actions for personal injuries

**2.** In significant part, 12 P.S. § 31 states:
[A]ll actions upon account and upon the case (other than such accounts as concern the trade of merchandise between merchant and merchant, their factors or servants) ... shall be commenced and sued within the time and limitation hereafter expressed, and not after; that is to say, the said actions upon the case, other than for slander, and the said actions for account ... within six years next after the cause of such actions or suit, and not after.

must be commenced within two years whether the action sounds in trespass or assumpsit. The legislature has made no attempt to discriminate between forms of action, but defines the actions it has in mind simply by their purpose—those brought to recover damages for injuries to the person. The reason for the shorter term of limitation in such suits applies equally whether the writ sounds in tort or contract; it is that the infirmities of testimony weakened by lapse of time may be as far as possible avoided, especially in cases which usually depend entirely upon oral testimony.

2 Standard Pennsylvania Practice 2d § 13:39, at 444–445 (1981) (footnotes deleted); *Moore v. McComsey*, 313 Pa.Super. 264, 459 A.2d 841 (1983).

Thus, to ascertain whether the two-year or the six-year statute of limitations governs the case sub judice, we must consider whether the pertinent count in the appellants' complaints asks damages for personal injuries or, instead, asks other relief. The relevant count reads as follows:

11. On or about May 20, 1977 [appellant] and [appellee] Apostolidis entered into another agreement whereby [appellee] would treat and examine and care for [appellant] in a proper manner in exchange for [appellant] paying to [appellee] a stated fee.

. . . .

15. As a result of the [appellee's] conduct, [appellant] has suffered damages as follows:

(a) Physical pain as a result of the original assault;

(b) Emotional distress including loss of well being, anxiety, mental anguish, loss of sleep and loss of self-respect.

16. . . . [Appellant] has been required to seek counseling for her mental condition and will in all likelihood, continue to require counseling for an indefinite time in the future.

17. As a result of the above, [appellant] has incurred and will continue to incur expenses for an indefinite time in the future.

18. The injuries sustained by [appellant] are permanent in nature.

19. As a result of the above, [appellant] has suffered a loss of earning capacity which shall continue for an indefinite time in the future.

    . . . .

21. [Appellee] Apostolidis, and through him, [appellee] Lankenau Hospital, breached their contract or agreement to treat [appellant] in accordance with the standard ordinarily required in the medical profession. . . .

Citing *Murray*, appellants argue that the count in question requests contract damages and hence falls within the purview of the six-year statute of limitations. In *Murray*, the plaintiff contracted with her physician for a tubal ligation to achieve the specific result of rendering her sterile. When she became pregnant after the tubal ligation, the plaintiff discovered that she had not received the result for which she had contracted. Thereafter, in an action against her physician, the plaintiff sought recovery for personal injuries and "recovery for the reasonable cost of achieving the result contracted for, i.e., prevention of conception; and the cost of remedying [the doctor's] failure to perform their contract, i.e., the cost of the therapeutic abortion" which the plaintiff was required to undergo. *Id.*, 340 Pa.Superior Ct. at 408, 490 A.2d at 843. While the two-year statute of limitations was applied to that portion of the plaintiff's claim seeking damages for personal injuries, the six-year statute was applied to the remainder of the plaintiff's claim requesting damages for the "cost of completing performance of the contract or remedying defects in performance." *Id.*, 340 Pa.Superior Ct. at 406, 490 A.2d at 842. In other words, the two-year statute did not bar the plaintiff's claim for "true contract damages intended to give the injured party the benefit of their [sic] bargain by awarding a sum of money that would, to the extent possible, put them [sic] in the same position as they [sic] would have been if the contract had been performed." *Id.*, 340 Pa.Superior Ct. at 408, 490 A.2d at 843.

Although the pertinent count in appellants' complaints is couched in contractual terminology, we conclude

that it asks relief for personal injuries and does not request true contract damages. In *Moore,* we defined personal injuries to encompass in

> 'a narrow sense, a hurt or damage done to a man's person, such as a cut or bruise, a broken limb, or the like, as distinguished from an injury to his property ... [and to encompass] in a much wider sense, ... any injury which is an invasion of personal rights, and in this signification it may include such injuries to the person as ... mental suffering.'

*Id.,* 313 Pa.Superior Ct. at 270, 459 A.2d at 844 (citation omitted). The assumpsit count in appellants' complaints essentially seeks damages for physical pain, emotional distress and mental anguish—all of which come within the definition of personal injuries provided in *Moore.* The count in question also asks reimbursement for the cost of mental counseling and for wages lost during the period of mental recovery. We do not regard these requested damages as true contract damages of the type sought in *Murray,* i.e., cost of completing the bargained for performance and/or cost of remedying the defects in performance. Rather, we deem these asserted damages as wholly derived from and concomitant to the physical pain, emotional distress and mental anguish for which appellants seek redress. Hence, they also constitute damages for personal injuries.

Inasmuch as appellants have not sought true contract damages in their designated count in assumpsit but have confined their claim to damages for personal injuries, appellants' action against appellee is barred by the two-year statute of limitations.[3] 12 P.S. § 34. Therefore, the com-

---

**3.** Alternatively, appellants argue on appeal that they should be afforded the opportunity to amend their complaints to include a demand for contract damages. We have carefully reviewed the record and have determined that appellants' request to amend their pleadings is being made for the first time at the appellate level and was never addressed to the common pleas court. Consequently, this issue has not been preserved for appellate consideration since "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302; *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

mon pleas court has properly entered judgment on the pleadings for appellee, and we affirm.