## Lancaster v. Petco Animal Supplies Inc.

*Todd A. Johns,* for plaintiffs.

*Christopher A. Piazza,* for defendant Petco Animal Supplies Inc.

*Marc B. Zingarini,* for additional defendants Realty Income and JL Associates.

MINORA, *J.,* April 28, 2009—The dispositive issue before the court is additional defendants Realty Income and JL Associates' partial motion for summary judgment.

### FACTUAL HISTORY[1]

Plaintiff Gwendolyn Lancaster sustained injuries following a trip and fall at the Petco Animal Supplies Inc.

---

1. This court has reiterated verbatim the "fact" section of our September 6, 2007 opinion pertaining to a different issue in this case.

store located on Route 6, Dickson City, Pennsylvania 18519, on May 1, 2001. Plaintiff alleges she was injured after her unsuccessful attempt to step onto an unusually-high curb that improperly elevated the sidewalk from the parking lot at the Petco location. She further alleges improper placement of handicapped access ramps at that same site.

Plaintiff commenced this action by filing a praecipe for writ of summons in civil action, filed on April 28, 2003. Plaintiff then filed her complaint on March 31, 2005 naming Petco Animal Supplies Inc. as the sole defendant. Plaintiff's complaint included the following claims against Petco:

"(6) That, the injuries suffered by the plaintiff, Gwendolyn Lancaster, were caused solely by the carelessness, recklessness, and negligence of the defendant, Petco, in the following respects and particulars:

"(a) Causing, allowing and permitting a dangerous condition to exist on said premises, which condition included, but was not limited to, an overly elevated curb/sidewalk situated at the parking lot and curb/sidewalk area separation five feet from the main entrance when the defendant, Petco, knew, or by the existence of reasonable care, should have known, of its existence and of the danger presented to persons lawfully traversing the overly elevated curb/sidewalk from the parking lot to the main entrance in their capacity as business invitees;

"(b) In failing to discover what a reasonable inspection of the said curb/sidewalk would have discovered, that, it was overly elevated in violation of Pennsylvania law,

which caused a dangerous and unreasonably unsafe condition, which constituted a hazard to persons lawfully traversing from the parking lot to the main entrance;

"(c) In failing to comply with Pennsylvania law, the defendant, Petco, failed to provide for handicap parking spaces in the required proximity to a ramp entrance, rather than the said overly elevated curb/sidewalk, which caused a dangerous and unreasonably unsafe condition, which constituted a hazard to persons lawfully traversing from the parking lot to the main entrance;

"(d) Failing to warn the plaintiff, Gwendolyn Lancaster, of the dangerous and hazardous condition created by the overly elevated curb/sidewalk;

"(e) Failing to post or apply adequate warning signs, or other notice to advise persons lawfully traversing said curb/sidewalk of the existence of a dangerous condition;

"(f) In creating the dangerous condition by permitting a dangerous condition to exist when the defendant, Petco, knew, or should have known, that people would be traversing said curb/sidewalk to access the main entrance." See plaintiff's complaint at ¶6.

## PROCEDURAL HISTORY

Defendant Petco filed a praecipe for writ to join additional defendants JL Associates and Realty Income t/d/b/a and/or successors in interest to JL Associates on April 19, 2005. Thereafter, on January 17, 2006, additional defendants Realty Income filed a motion to join additional defendants Murray Jay Miller and Palucci

Engineering P.C. The parties elected to submit this matter for argument on brief. By order dated October 25, 2006, this court granted defendant Realty Income's motion to join additional defendants Murray Jay Miller and Palucci Engineering.

On February 9, 2007, defendant Murray Jay Miller and defendant Palucci Engineering each filed a separate praecipe for entry of judgment non pros pursuant to Pa.R.C.P. 1042.6 against defendant Realty Income with the clerk of judicial records of Lackawanna County, asserting that defendant Realty Income failed to file a certificate of merit as to these defendants pursuant to Pa.R.C.P. 1042.3. Further, each defendant argued that defendant Realty Income also failed to seek a motion for an extension of time to file the certificate of merit. A notice pursuant to Pa.R.C.P. 236 was issued by the prothonotary in Lackawanna County on February 9, 2007 and judgment of non pros was entered against defendant Realty Income.

Thereafter, on February 20, 2007, defendant Realty Income filed a petition to strike/open judgment of non pros, which was denied by this court in an order dated September 6, 2007. Said order also denied defendant Realty Income's motion to join additional defendant RW Piper Construction.

On November 13, 2007 defendant Realty Income filed a motion for summary judgment. Defendant Petco responded to said motion on December 14, 2007 and plaintiff filed an answer on December 17, 2007. The matter was scheduled for oral argument on February 28, 2008, and the motion was denied from the bench that day.

On August 18, 2008 additional defendants Realty Income filed a partial motion for summary judgment. On September 9, 2008, defendant Petco filed a response to the partial motion for summary judgment, and brief in opposition on January 12, 2009. On September 16, 2008, plaintiff filed a response to partial motion for summary judgment adopting and incorporating defendant Petco's response, and a brief in opposition on January 23, 2009 adopting and incorporating defendant Petco's brief in opposition. An oral argument for the matter was held on February 23, 2009. This matter is now ripe for disposition.

## STANDARD OF REVIEW

Motions for summary judgment are governed by Pa.R.C.P. 1035.2, which states:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for summary judgment in whole or in part as a matter of law.

"(1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." [2]

---

2. Pa.R.C.P. 1035.2.

As we know, summary judgment may be granted only if the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, and the moving party has the burden of proving no genuine issues of fact exist. *Abrams v. Pneumo Abex Corp.*, 939 A.2d 388, 390 (Pa. Super. 2007). A material fact is one that directly affects the outcome of the case. *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662, 664 (Pa. Super. 2000). A proper grant of summary judgment depends upon an evidentiary record that either: (1) shows that the material facts are undisputed; or (2) contains insufficient facts to make out a prima facie cause of action or defense and therefore, there is no issue to submit to jury. *Gateway Towers Condominium Association v. Krohn*, 845 A.2d 855, 858 (Pa. Super. 2004); see also, Pa.R.C.P. 1035.2. For purposes of a summary judgment motion, a non-moving party may not rely merely upon allegations in pleadings, but must set forth specific facts by way of affidavit or in some other way to demonstrate that genuine issue of material fact exists. *Banks v. Trustees of the University of Pennsylvania*, 446 Pa. Super. 99, 666 A.2d 329 (1995); see also, Pa.R.C.P. 1035.3(a).

However, "summary judgment is to be entered only in the clearest of cases where there is not the slightest doubt as to the absence of a triable issue of material fact." *Northern Tier Solid Waste Authority v. Commonwealth, Department of Revenue*, 860 A.2d 1173, 1182 (Pa. Commw. 2004). "In determining whether to grant summary judgment, the court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Craig v.*

*Amateur Softball Association of America,* 951 A.2d 372, 375 (Pa. Super. 2008).

## LEGAL ARGUMENTS OF THE PARTIES

Additional defendants assert that they cannot be liable to the plaintiff because plaintiff's cause of action is barred by the statue of limitations. Additional defendants assert that the statue of limitations for an action to recover damages for personal injuries is two years from the date of the accident. 42 Pa.C.S. §5524(2). Plaintiff initiated suit against defendant Petco by writ of summons on April 28, 2003 and filed a complaint alleging negligence on March 31, 2005. Petco joined additional defendants by praecipe and writ of summons on April 19, 2005 and filed a joinder complaint against additional defendants on April 25, 2007. Additional defendants therefore assert since plaintiff claims her injuries were sustained on or about May 1, 2001 and that since she is alleging negligence as her cause of action, the statute of limitations for plaintiff's alleged accident expired on May 1, 2003. Therefore, additional defendants assert that since they were not joined until April 19, 2005 plaintiff is barred from pursuing a direct claim against additional defendants.

Defendant Petco[3] asserts that in an action to recover damages upon a written contract, including contract for construction of real estate, the statute of limitations is four years. 42 Pa.C.S. §5525. Defendant Petco asserts that prior to the plaintiff's accident additional defendants

---

3. And plaintiff by adopting and incorporating Petco's argument in their response and brief.

entered into a contract/lease agreement with defendant Petco, which included an agreement to construct a retail store, and attach a sidewalk and parking lot. That plaintiff is a third party beneficiary to that contract and that since her injuries are a result of a breach of the contract, plaintiff can recover directly for the additional defendants and the proper statute of limitations is four years. In the instant matter the statute of limitations did not expire until May 1, 2005, and, that since additional defendant was joined on April 19, 2005 they were brought in prior to the expiration of the statute of limitations. Defendant Petco also asserts that additional defendants failed to object to their joinder by filing preliminary objections as set forth in Pa.R.C.P. §2253.

## LEGAL ANALYSIS

The issue presently before the court is one that is properly resolved by summary judgment. It is a legal analysis of the nature of plaintiff's cause of action and the applicable statute of limitations, which does not involve issues of fact more suitable for jury resolution. As such, this is an issue which need not be decided by a jury and can be properly disposed of via summary judgment. *Devine v. Hutt,* 863 A.2d 1160, 1167 (Pa. Super. 2004).

Further an affirmative defense of a statute of limitations is not properly raised in preliminary objections; it is properly raised in new matter. *Id.* As such, defendant Petco's assertion that additional defendants should have raised this issue through preliminary objections to the joinder complaint is incorrect.

The applicable parts of 42 Pa.C.S. §5524 state:

"The following actions and proceedings must be commenced within two years:

"(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

"(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud."

The applicable parts of 42 Pa.C.S. §5525 states:

"General rule. Except as provided for in subsection (b), the following actions and proceedings must be commenced within four years:

"(3) An action upon an express contract not founded upon an instrument in writing.

"(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

"(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter."

Once the statute of limitations has run a cause of action may not be brought. Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued. *Blaine v. York Financial Corp.,* 847 A.2d 727, 729 (Pa. Super. 2004). "It is well-

established that where an original defendant wishes to join an additional defendant who is *not* already a defendant in the action on the ground that the additional defendant is solely liable on the plaintiff's cause of action, the original defendant must act within the statute of limitations applicable to the plaintiff's cause of action." *Hileman v. Morelli,* 413 Pa. Super. 316, 326, 605 A.2d 377, 382 (1992).[4] (emphasis in original) If a plaintiff has no cause of action against a person sought to be joined as an additional defendant, that person may not be brought in upon an allegation that the person is solely liable to the plaintiff. Standard Pennsylvania Practice 2d, SPP §14:229.

"[I]n Pennsylvania, the nature of the relief requested, rather than the form of the pleading, determines which statute of limitations controls a particular action." *Ritchey v. Patt,* 431 Pa. Super. 219, 221, 636 A.2d 208, 210 (1994); *Spack v. Apostolidis,* 353 Pa. Super. 362, 365, 510 A.2d 352, 353 (1986); *Murray v. University of Pennsylvania Hospital,* 340 Pa. Super 401, 490 A.2d 839 (1985).

"Thus, to determine which statute of limitations is applicable, the trial court should look to the gravamen of the action, to the underlying wrong that the complaint

---

4. Where the original defendant wishes to join an additional defendant who is not already a defendant in the action on the ground that the additional defendant is liable to the original defendant for contribution or indemnity, the statute of limitations on the plaintiff's cause of action is irrelevant. The claim of the original defendant for contribution or indemnity is the original defendant's own separate cause of action which does not even arise until he has been held liable to plaintiff. *Id.;* see also, *Carcaise v. Cemex Inc.,* 200 Fed.Appx. 116, 127 (C.A. 3 (Pa.) 2006).

alleges was done, not the label applied to it by the parties, and determine the nature of the damages sought to be recovered.

"The shorter statute of limitations applicable to causes of action for personal injuries cannot be avoided by the expedient of pleading in contract. Thus, where the damages sought to be recovered are for personal injuries, whether the cause of action is pleaded in contract or in tort, the two-year period of limitations for personal injuries is applicable. If, however, recovery is sought for the cost of completing performance of the contract or remedying defects in performance, the applicable statute of limitations is that for breach of contract." Standard Pennsylvania Practice 2d, SPP §13:19.

The 42 Pa.C.S. §5524, two-year statute of limitations contains general language which does not distinguish between personal injuries resulting from negligence or contract breaches, but covers all claims for recovery of damages for personal injury. *Murray, supra.*

Even assuming that plaintiff is a third-party beneficiary to the contract between defendant Petco and additional defendants, in order for plaintiff to recover directly from the additional defendants, the suit must have been initiated against additional defendants within the applicable statute of limitations. In order to determine what statute of limitations applies, the two-year for negligence/personal injury or four-year for contract, an analysis of plaintiff's claim and requested damages must be done.

In the case sub judice the plaintiff has plead that "carelessness, recklessness, and negligence of defendant

Petco" cause her to suffer injuries which include "suffering great pain and agony; that prevented her from attending to usual daily activities, that required medical treatment; and that deprived her of the ordinary and usual enjoyment of her life, family, social, economic, and recreational activities because of the nature, extent, severity, and degree of her injuries." Plaintif's complaint at ¶10. Plaintiff also asserts a claim for severe emotional distress. Plaintif's complaint at ¶13. The majority of damages plaintiff is seeking to recover are for physical/personal injuries and medical bills related to that treatment. Plaintiff's complaint at ¶8; see also, plaintiff's complaint at ¶6, *supra* pp. 2-3.

Black's Law Dictionary defines personal injury as: *Torts.* (1) In a negligence action, any harm caused to a person, such as a broken bone, a cut, or a bruise; bodily injury. (2) Any invasion of a personal right, including mental suffering and false imprisonment. Black's Law Dictionary (8th ed. 2004), injury. As plaintiff is seeking to only recover damages to her body, personal injuries, and not standard contract damages, the appropriate statute of limitations is two years per 42 Pa.C.S. §5524.

## CONCLUSION

Because plaintiff's cause of action is based on personal injuries the appropriate statute of limitations is two years. As such, additional defendants were not joined within the statute of limitations time period, and plaintiff cannot recover directly against additional defendants. Therefore, additional defendants' partial motion for summary judgment is granted. However, this opinion does not affect defendant Petco's claim of contribution or

indemnification, as that claim has its own statute of limitation, and said issue is not currently before the court.

An appropriate order follows.

## ORDER

And now, April 28, 2009, upon consideration of the pleadings and their supporting briefs, additional defendants Realty Income and JL Associates' motion for partial summary judgment is granted, on the issue of direct liability to the plaintiff only.