## Crumm v. K. Murphy & Co.

*Richard L. Caplan,* for plaintffs.

*C. Kent Price* for defendant K. Murphy & Company Inc.

*Dean F. Piermattei,* for additional defendant Century Spouting Co. Inc.

CULLEN, *J.,* September 16, 2009—Pending before the court is the motion for partial summary judgment filed by defendant, K. Murphy & Company Inc. In its motion, defendant asserts that the addition to plaintiffs' amended complaint of a claim for pain and suffering represents a new cause of action for bodily injury after the applicable statute of limitations had run. In the alternative, defendant argues that even if the allegations are not barred by the statute of limitations, damages for pain and suffering are not recoverable in an action for breach of contract and breach of warranty or under the Unfair Trade Practices and Consumer Protection Law (UTP-CPL).

Based on the record before it, the court concludes that the amended complaint alleges a new cause of action for bodily injury which is barred by the two-year statute of

limitations. Further, the court finds that defendant is entitled to the relief sought because plaintiffs cannot recover damages for pain and suffering under the circumstances presented. Accordingly, defendant's motion for partial summary judgment will be granted.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiffs, Chadwick L. Crumm and Pamela D. Crumm, initiated this action by filing a praecipe for a writ of summons on March 31, 2005. A complaint was filed on January 24, 2007.

In their complaint, plaintiffs allege that in October 2000, they purchased a building lot encompassing approximately .64 acres from defendant. (Compl. at ¶5.) Plaintiffs also contracted with defendant for the construction of a two-story, 2,800 square foot home with an "in-law suite". (*Id.* at ¶7.) According to plaintiffs, the total cost of construction was $320,000. (*Id.* at ¶¶14-16.)

Construction of the home was completed at the beginning of April 2001 (*id.* at ¶14), and at that time defendant gave plaintiffs a one-year builder's limited warranty. In October 2001, plaintiffs obtained a certificate of occupancy for the home. (*Id.* at ¶¶14-16.)

Plaintiffs claim that the completed residence contained certain deficiencies and that they notified defendant of these deficiencies pursuant to the builder's limited warranty. (*Id.* at ¶18.) These deficiencies included a drainage problem and a cracked front door. (*Id.* at ¶¶19-20.) According to plaintiffs, the drainage problem eventually caused water infiltration, damage to the "in-law suite," mold spores in the basement, infestation by insects and

"major" flooding. (*Id.* at ¶¶22-32.) By May 2005, the mold toxicity forced plaintiffs to vacate the home. (*Id.* at ¶47.)

Plaintiffs sought monetary damages based on four causes of action: (1) breach of contract, (2) breach of express warranty, (3) violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq., and (4) breach of implied warranties. (*Id.* at ¶¶51-68.)

On April 3, 2007, defendant filed its answer and new matter including the defense of the statute of limitations. On November 30, 2007, plaintiffs filed a motion to amend the complaint to which defendant did not respond. The court, therefore, granted the motion as uncontested on January 8, 2008.[1] On April 9, 2008, plaintiffs filed their first amended complaint.

The first amended complaint is virtually identical to the original complaint except for four paragraphs which would be amended. These paragraphs, with amendments emphasized, state:

"(46) In February and March 2005, [plaintiffs] consulted a New York physician, with expertise in toxic mold, seeking an explanation to the cause of a variety of recurring, unexplained illnesses from which family members continued to suffer. *Symptoms of these illnesses included, but were not limited to, nosebleeds, migraine headaches, nasal sores, upper respiratory congestion and inflammation, joint pain, temporary muscle weakness and lymph node tenderness. . . .*

---

1. In the interim, on December 10, 2007, defendant joined Century Spouting Co. Inc. as an additional defendant.

"(48) Thereupon, [plaintiffs] moved into the rental townhouse in Elizabethtown that they currently occupy, *and the unexplained illnesses that had plagued them, while they remained resident in the house, gradually disappeared.* . . .

"(54) As a proximate consequence of the presence of substantial concentrations of toxic molds in the house, facilitated by the infiltration within the premises of rain and ground water, attributable to [defendant's] shoddy construction in breach of the contract, [plaintiffs] have incurred damages . . . comprised of . . . *(h) [plaintiffs'] pain and suffering attributable to the illnesses described in paragraph 46 above.* . . .

"(57) As a proximate consequence of [defendant's breach of an express warranty, plaintiffs] suffered *those damages, believed to exceed $300,000 in the aggregate, set forth in paragraph 54 above.*" (Am. compl. at ¶¶46, 48, 54 and 57.) (emphasis in original to indicate amendments to original allegations)

On January 26, 2009, defendant filed its answer with new matter to amended complaint again raising the statute of limitations as a defense.

On March 9, 2009, defendant filed its motion for partial summary judgment. Plaintiffs filed a response on April 9, 2009, and thereafter the motion was referred to the court for disposition.

## DISCUSSION

Under Rule 1035.2 of the Pennsylvania Rules of Civil Procedure, any party may move for summary judg-

ment as a matter of law. Pa.R.C.P. 1035.2. Specifically, Rule 1035.2 provides:

*"Rule 1035.2. Motion*

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(1)-(2).

The purpose of the summary judgment procedure is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Phaff v. Gerner,* 451 Pa. 146, 151, 303 A.2d 826, 829 (1973). The court "must ignore controverted facts appearing only in the pleadings" and restrict its consideration to material "filed in support of and in opposition to the motion for summary judgment" and the "uncontroverted" allegations of the pleadings. *Id.* at 151, 303 A.2d at 830; *Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 289, 515 A.2d 980, 981 (1986).

Summary judgment will be granted by a trial court "only in those cases in which the record clearly shows

that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law." *Wright v. Allied Signal Inc.,* 963 A.2d 511, 514 (Pa. Super. 2008) (citing *Gutteridge v. A.P. Green Services Inc.,* 804 A.2d 643, 651 (Pa. Super. 2002)); see also, *Caro v. Glah,* 867 A.2d 531, 533 (Pa. Super. 2004) (citation omitted); *Szpynda v. Pyles,* 433 Pa. Super. 1, 4-5, 639 A.2d 1181, 1183 (1994). (citation omitted) A grant of summary judgment "is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law." *Wright,* 963 A.2d at 514. Thus, "only where the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Id.*

In determining whether to grant a motion for summary judgment, a trial court must "view the record in the light most favorable to the non-moving party" and resolve "all doubts as to the existence of a genuine issue of material fact" in his favor. *Wright,* 963 A.2d at 514; *Caro,* 867 A.2d at 533; *Herr v. Herr,* 957 A.2d 1280, 1284 (Pa. Super. 2008). (citation omitted) However, "[w]hen faced with a motion for summary judgment, the *nonmoving party must adduce sufficient evidence* on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor." *Herr,* 957 A.2d at 1284. (emphasis added) If the non-moving party fails to adduce this evidence, then "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*

Generally, Pennsylvania courts are liberal in granting a party leave to amend pleadings. *Frey v. Pennsylvania Electric Company,* 414 Pa. Super. 535, 538, 607 A.2d 796, 797 (1992). "Although the determination of whether to grant leave to amend is within the sound discretion of the trial court, leave should be granted at any stage of the proceedings, unless such an amendment violates the law or unfairly prejudices the rights of the opposing party." *Id.* Amendments which introduce a new cause of action after the statute of limitations has expired are not permitted. *Hodgen v. Summers,* 382 Pa. Super. 348, 350, 555 A.2d 214, 215 (1989).

Most actions for breach of contract are governed by a four-year statute of limitations. *McGaffic v. City of New Castle,* 973 A.2d 1047, 1052 (Pa. Commw. 2009); 42 Pa. C.S. §5525. Generally speaking, the statute of limitations begins to run as soon as the right to institute and maintain the suit arises. *Sevast v. Kakouras,* 591 Pa. 44, 53, 915 A.2d 1147, 1153 (2007). (citation omitted) In an action for breach of contract, the statute begins to run on the date the action accrues—the date of the breach. *McGaffic,* 973 A.2d at 1052.

The statute, 42 Pa.C.S. §5524(2), limiting the time in which an action for injuries to the person may be brought is applicable to all actions for recovery for injuries to the person, whether based in contract or tort, because the words of the personal injury statute of limitations are general. *Jones v. Boggs & Buhl Inc.,* 355 Pa. 242, 244-45, 49 A.2d 379, 381 (1946). Section 5524(2) states, "An action to recover damages for injuries to the person . . . caused by the wrongful act or . . . negligence of another [must be commenced within two years]." 42 Pa.C.S. §5524(2).

The application of the two-year limitation cannot be avoided by suing in contract because actions for personal injury must be commenced within two years whether the action sounds in tort or contract. *Jones,* 355 Pa. at 244-45, 49 A.2d at 381; *Bermudez v. Philadelphia Transportation Company,* 64 D.&C.2d 462, 463 (Phila. Cty. 1973), *aff'd,* 228 Pa. Super. 873, 322 A.2d 658 (1974).

For example, an action for breach of an implied warranty of habitability seeking damages for personal injuries sustained by a falling ceiling in an apartment leased from the defendant which was filed more than two years after the incident could not be maintained because the action was barred by the two-year statute of limitations applicable to personal injury actions. *Frasier v. Greenblatt,* 7 D.&C.3d 779, 781 (Phila. Cty. 1978).

The nature of the relief requested, rather than the form of the pleading, determines which statute of limitations controls a particular action. *Ritchey v. Patt,* 431 Pa. Super. 219, 221, 636 A.2d 208, 210 (1994) (citing *Spack v. Apostolidis,* 353 Pa. Super. 362, 368, 510 A.2d 352, 355 (1986) (en banc)). "The two-year statute of limitations contains general language and does not distinguish personal injuries resulting from negligence or contract breaches. Rather, it addresses every suit to recover damages for injury wrongfully due to a person." *Id.* (citation omitted)

Defendant argues that the amendments should be dismissed because they allege a new cause of action for bodily injury and are barred by the two-year statute of limitations set forth in 42 Pa.C.S. §5524(2). Plaintiffs contend that the added language is appropriate because

it merely amplifies the original allegations and does not allege other acts or conduct beyond what was asserted in the complaint. (Pl. mem. of l. in opp. to def. mot. for partial s.j., at 5.) Further, plaintiffs argue that pain and suffering are consequential damages that are recoverable because they were reasonably foreseeable as arising from defendant's breach of contract and breach of express and implied warranties. Accordingly, plaintiffs maintain that these new allegations should be governed by the four-year statute of limitations applicable to actions based in contract instead of the two-year statute of limitations for actions based in tort. (*Id.* at 5-8.)

In form, plaintiffs' complaint and amended complaint contain the same four "claim[s] for relief"—(1) breach of contract; (2) breach of express warranty; (3) Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq.; and (4) breach of implied warranties. In substance, however, paragraphs 46, 48, 54 and 57 of the amended complaint allege a new cause of action for personal injuries resulting from defendant's purported breach of contract. Plaintiffs claim to have suffered "illnesses," symptoms of which "included, but [were] not limited to, nosebleeds, migraine headaches, nasal sores, upper respiratory congestion and inflammation, joint pain, temporary muscle weakness and lymph node tenderness." (Am. compl. at ¶46.) Further, plaintiffs contend that "the unexplained illnesses that had plagued them, while they remained resident in the house, gradually disappeared." (*Id.* at ¶48.) According to plaintiffs, their "pain and suffering" is "attributable to the illnesses." (*Id.* at ¶54.)

Although this language was added to existing paragraphs in the complaint, the nature of the amendments

reflects a cause of action for personal injuries, not breach of contract. Therefore, these amendments form a new cause of action governed by the two-year statute of limitations, 42 Pa.C.S. §5524(2).

A review of the record leads to the inescapable conclusion that this new cause of action is time-barred. Paragraph 46 of the amended complaint indicates that plaintiffs became aware of the nature and cause of their illnesses due to the toxic mold in "February and March 2005" after consulting a New York physician. There is nothing in the record to contradict this assertion, and plaintiffs do not claim that any such evidence exists. To be timely, plaintiffs were required to file their amended complaint no later than February or March 2007. Since the amended complaint was not filed until April 9, 2008,[2] the claims for damages for personal injuries will be stricken with prejudice as barred by the two-year statute of limitations.[3]

Although the court has discussed the applicability of the statute of limitations, it is prudent to address the second issue—that is, whether plaintiffs' claims for damages for personal injuries, including pain and suffering, are properly recoverable as consequential damages in a case alleging breach of contract and breach of warranty.

---

2. Plaintiffs' motion to amend the complaint was filed on November 30, 2007. Even if this date is used for purposes of the statute of limitations, the amended complaint is still untimely.

3. If otherwise proper, evidence of these illnesses may be admissible, not for the purpose of recovering monetary damages, but to establish the existence of the toxic mold and the reason plaintiffs vacated the property. Such a determination cannot be made until the time of trial.

This second issue is often intertwined with questions involving the statute of limitations.

"Consequential damages can be appropriate in a breach of contract case." *Condominium Association Court of Old Swedes v. Stein-O'Brien,* 973 A.2d 475, 483 (Pa. Commw. 2009). "[A] party is entitled to recover whatever damages it suffered, provided the damages were such that would naturally and ordinarily result from the breach, or the damages were reasonably foreseeable and within the contemplation of the parties at the time of contracting and can be proved with reasonable certainty." *Id.* (citing *James Corporation v. North Allegheny School District,* 938 A.2d 474, 497 (Pa. Commw. 2007). "Where the consequential damages are 'foreseeable' and were contemplated by 'the parties at the time they made the contract,' they will be awarded in order to put the victim of the contract breach in the same position as if there had been performance, not breach." *Id.* at 483 (citing *Ferrer v. Trustees of the University of Pennsylvania,* 573 Pa. 310, 341, 815 A.2d 591, 610 (2002)).

In its motion, defendant contends that plaintiffs' claims for personal injuries are not recoverable under breach of contract and breach of warranty theories nor under the Unfair Trade Practices and Consumer Protection Law. (Def. mot. partial s.j. at ¶¶26-28.) Defendant argues that plaintiffs' alleged injuries, including pain and suffering, do not constitute a basis to award consequential damages to which plaintiffs would be entitled because " 'pain and suffering' damages were not within the reasonable contemplation of the parties at the time they entered into a *contract* for *the construction of a home.*" (Def. br. in supp. of mot. partial s.j. at 8.) (emphasis in original)

Generally speaking, damages for personal injuries, including pain and suffering, are not recoverable in a breach of contract action. *Ritchey,* 431 Pa. Super. at 221-22, 636 A.2d at 209-10 (1994); *Murray v. University of Pennsylvania Hospital,* 340 Pa. Super. 401, 407, 490 A.2d 839, 842-43 (1985); see *McIntyre ex rel. Howard v. Philadelphia Housing Authority,* 816 A.2d 1204, 1209 (Pa. Commw. 2003).

In the present case, the record fails to support the conclusion that the damages sought could reasonably fall within the scope of consequential damages. Damages for personal injuries arising from an alleged exposure to toxic mold are not such that would naturally and ordinarily arise from a breach of contract to construct a home nor is there any evidence that these damages were reasonably foreseeable and within the contemplation of the parties at the time the contract was formed. Plaintiffs have not pointed to any language in the contract documents which would support such a finding, nor have they cited any other evidence in the record which would lead to this conclusion. For example, there is no showing that plaintiffs ever discussed this possibility with defendant or that defendant had any prior experience with toxic mold in residential construction.

Comment a to section 351 of the Restatement (Second) of Contracts provides in pertinent part:

"(a) *Requirement of foreseeability.* A contracting party is generally expected to take account of those risks that are foreseeable at the time he makes the contract. He is not, however, liable in the event of breach for loss that he did not at the time of contracting have reason to foresee as a probable result of such a breach. The mere

circumstance that some loss was foreseeable, or even that some loss of the same general kind was foreseeable, will not suffice if the loss that actually occurred was not foreseeable. It is enough, however, that the loss was foreseeable as a probable, as distinguished from a necessary, result of his breach. Furthermore, the party in breach need not have made a 'tacit agreement' to be liable for the loss. Nor must he have had the loss in mind when making the contract, for the test is an objective one based on what he had reason to foresee. There is no requirement of foreseeability with respect to the injured party. In spite of these qualifications, the requirement of foreseeability is a more severe limitation of liability than is the requirement of substantial or 'proximate' cause in the case of an action in tort or for breach of warranty. . . ." Restatement (Second) of Contracts §351 cmt. a (1981).

Since there is nothing in the record to support the position that the claimed damages for personal injuries, including pain and suffering, were foreseeable as a probable result of a breach of contract, defendant is entitled to judgment in its favor.[4]

---

4. Plaintiffs cite *North German Lloyd Steamship Co. v. Wood,* 18 Pa. Super. 488 (1901), for the blanket proposition that pain and suffering damages are recoverable in a breach of contract action. (Pl. mem. of l. in opp. to def. mot. partial s.j., at 7.) However, *Wood* simply represents a case in which the court found that damages for mental suffering were warranted as foreseeable consequential damages.

"[Specifically, the defendant] distinctly alleg[ed] that the stateroom which the plaintiff company compelled [the defendant] to occupy was most uncomfortable, that the motion there was very great and the rattle of the machinery there was such as to prevent her from sleeping; and that in consequence of the discomforts of the room and the disturbance occasioned by the movement and noise of the machinery, [the]

Plaintiffs also cannot recover damages for pain and suffering under the Unfair Trade Practices and Consumer Protection Law.

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby *suffers any ascertainable loss of money or property, real or personal,* as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of the Act, may bring a private action to recover actual damages or $100, whichever is greater." 73 P.S. §201-9.2(a). (emphasis added)

Analogous to damages for emotional distress, recovery for pain and suffering is not permitted under the UTP-CPL as it does not fall within the express limitations of the statute which recognizes as actual damages only "any ascertainable loss of money or property . . . ." See *In re Bryant,* 111 B.R. 474, 479-80 (E.D. Pa. 1990) (limiting damages to the express language of section 201-9.2 and excluding recovery for emotional distress as a result).

---

defendant was able to sleep but very little during the entire voyage, and in consequence suffered nervous sickness, causing her much pain and suffering, which continued during the entire voyage and after her arrival in the country." *Wood,* 18 Pa. Super. at 491.

The court concluded that such damages may be recoverable as consequential damages with regard to the facts of *Wood,* stating that "[w]e cannot say that the loss of sleep would not be the reasonable and probable consequence, with the ordinary person, of being compelled to remain in a noisy stateroom." *Id.* (emphasis added) In short, the defendant "sufficiently allege[d] a physical injury directly resulting from the plaintiff's breach of contract, and which was a *reasonable and probable consequence* of such breach." *Id.* (emphasis added)

This court notes that *Wood* has never been cited for the general proposition, as plaintiffs posit, that pain and suffering damages are recoverable in a breach of contract action.

For the reasons set forth above, no genuine issue of material fact exists and defendant is entitled to judgment as a matter of law. Accordingly, the motion for partial summary judgment will be granted.

ORDER

And now, September 16, 2009, upon consideration of defendant's motion for partial summary judgment, and plaintiffs' response, it is ordered that defendant's motion for partial summary judgment is granted.