ZULICK, J.,
Defendants National Conference of the Evangelical Congregational Church, (Church); Twin Pines Camp, Conference and Retreat Center (Twin Pines Camp); and Derek G. Schock have filed preliminary objections to the complaint filed by Robert Hutchings on October 8, 2014. The complaint alleges that in the summer of2003, Hutchings was a camper at the Twin Pines Camp. While attending the camp, he was sexually assaulted by defendant Schock and others in his cabin.
Defendants Church and Twin Pines Camp filed preliminary objections to the complaint on December 1, 2014. Defendant Derek Schock filed preliminary objections to the complaint on December 22, 2014. The matter was listed for argument on January 5, 2015, but was continued on plaintiff’s motion to February 2, 2015. The argument was again continued to April 6,2015, when the parties appeared for argument.
DISCUSSION
I. Preliminary Objections of the Church and Twin Pines Camp
Defendants Church and Twin Pines Camp have filed preliminaiy objections raising a demurrer to the counts of the complaint alleging vicarious liability, negligent hiring and supervision, intentional misrepresentation, negligent misrepresentation and punitive damages. Pennsylvania Rule of Civil Procedure 1028(a)(4) allows any party to file preliminaiy objections to any pleading on the grounds of *466 “legal insufficiency of a pleading (demurrer).” Pa.R.Civ.P. 1028(a)(4). “Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint.” White v. PennDOT, 738 A.2d 27, 31 (Pa.Cmwlth.1999). When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. DeMary v. Latrobe Printing Co., 762 A.2d 758 (Pa. Super. 2000); Main Line Health inc. v. Medical Professional Liability Catastrophe Loss Fund, 738 A.2d 66, 68 n. 13 (Pa.Cmwlth. 1999). Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. Pacurariu v. Commonwealth, 744 A.2d 389, 391 n. 1 (Pa. Cmwlth. 2000); White, 738 A.2d at 31. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections. Edwards v. Germantown Hospital, 736 A.2d 612, 614 (Pa. Super. 1999). Hykes v. Hughes, 835 A.2d 382, 383 (Pa. Super. 2003).
The defendants first argue that Hutchings has failed to state a cause of action against them for vicarious liability. Hutchings contends in his claim against the church in Count IX, paragraph 65 of the complaint and in his claim against Twin Pines Camp in Count XIV, paragraph 98, that the defendants are liable for the assault on plaintiff committed by its camp counselors. Defendants cite the case of Brezinski v. World Truck Transfer, Inc., 755 A.2d 36 (Pa. Super. 2000) in support of their argument for dismissal of this claim. The Brezinski case involved a truck driver who ran his employer’s truck off the road before opening fire on random people in the area. The superior court upheld the trial court’s determination that the trucking company employer was not liable for its driver’s criminal actions:
*467 An employer is vicariously liable for the wrongful acts of an employee if that act was committed during the course of and within the scope of employment. Fitzgerald v. McCutcheon, 270 Pa. Super. 102, 410 A.2d 1270 (1979). This liability may extend even to intentional or criminal acts committed by the employee; however if the act is done for a personal reason, or in an outrageous manner, it is not done within the scope of employment. Id; Restatement (Second) of Agency § 228 (1958). Crew’s action in this case, shooting two individuals who had no connection to the employer, was outside the scope of Crew’s employment. His actions in no way furthered the purpose of his employment, and can only be characterized as outrageous, as well as criminal. World Truck cannot be held responsible under this theory as a matter of law, and the trial court’s grant of summary judgment on this claim was proper.
Id. at 39.
Plaintiff concedes in his brief that the individual defendants’ alleged attack upon him was outside the scope of their employment with the Church and Twin Pines Camp. This objection will be sustained.
The church and Twin Pines Camp also contend that plaintiff has failed to state a cause of action for negligent hiring and supervision, intentional and negligent misrepresentation and punitive damages. As the defendants note in their brief, these counts of the complaint are dependent upon the theory that both the church and Twin Pines “knew or should have known about Schock and John Doe’s ‘criminal history and a history of rape, sexual abuse, violence, criminal acts, troubled behavior, violent propensities and other harmless, reckless, negligent and careless conduct. Complaint, ¶17; defendants’ brief, p.6. *468 Defendants argue that although the complaint states that Schock and John Doe had “an extensive and violent criminal history, including allegations of prior rape, sexual abuse and violence, Hutchings fails to provide any evidence in support of those conclusions.” Id. Using information from a website, defendants contend that Schock’s date of birth is November 23, 1985, and that he was thus a juvenile in the summer of 2003, and would not have had a discoverable criminal record.
These arguments may have merit for purposes of a motion for summary judgment, but that is not what is before the court. For this demurrer, the court is not permitted to consider information other than that which is stated in the complaint. McCaskill v. Philadelphia Housing Authority, 615 A.2d 382 (Pa. Super. 1992). This objection will be denied.
Finally, the church and Twin Pines Camp dispute Hutchings’ request for punitive damages in Count XIII as legally insufficient under 1028(a)(4).
Punitive damages may be awarded for conduct that is outrageous because of the defendant’s evil motive or reckless indifference to the rights of others.... As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant’s actions are so outrageous as to demonstrate willful, wanton, or reckless conduct.
Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005).
Furthermore, “this court has stressed that, when assessing the propriety of the imposition of punitive damages, the state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless, or malicious.” Id.
*469 Thus, punitive damages are not available for Hutchings’ claims of negligence, negligent hiring or negligent misrepresentation. However, Hutchings requests punitive damages for the alleged intentional misrepresentation that the camp offered a safe environment for children, when camp officials knew or should have known of Schock’s violent propensities.
Punitive damages are awarded for “outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others.” Martin v. Johns-Manville Corp., 508 Pa. 154, 172, 494 A.2d 1088, 1097-98 (1985) (emphasis in original). Plaintiff has alleged an intentional misrepresentation that rises to the level of reckless indifference to Hutchings. This preliminary objection will be denied, but punitive damages will be limited to the intentional misrepresentation count.
II. Preliminary objections of Derek Schock
Derek Schock has filed preliminary objections to the complaint’s Count III- Intentional Infliction of Emotional Distress and Count IV- Punitive Damages (mislabeled as Count III in the complaint), contending that they are legally insufficient under Pa.R.C.P. 1028(a)(4).
Hutchings alleges in Count III that “defendant recklessly and/or intentionally engaged in extreme and outrageous conduct by contacting, forcefully holding, assaulting, raping, and anally penetrating plaintiff.” Complaint, ¶36. This attack caused Hutchings “extreme emotional distress” and “severe emotional and psychological injuries.” Complaint, ¶¶36-37.
The tort of intentional infliction of emotional distress is defined as follows:
*470 One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm. Restatement (Second) of Torts §46(1) (1965).
Hoy v. Angelone, 720 A.2d 745, 753 (Pa. 1998).
The superior court has noted, “[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.” Buczek v. First National Bank of Mifflintown, 531 A.2d 1122, 1125 (1987). Described another way, “[i]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by ‘malice,’ or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.” Restatement (Second) of Torts §46, comment d; Daughen v. Fox, 372 Pa. Super. 405, 412, 539 A.2d 858, 861 (1988).Hoy v. Angelone 720 A.2d 745,753 — 754 (Pa. 1998).
The alleged rape of the plaintiff as a child in his camp cabin by his older camp counselor is sufficiently outrageous that a jury might find that conduct to be atrocious and utterly intolerable in a civilized society. This objection will be denied.
Finally, Schock disputes Hutchings’ request for punitive damages under Count IV as legally insufficient under 1028(a)(4). The standard for punitive damages is detailed supra. Again, plaintiff has alleged that Schock’s conduct was intentional, outrageous, and done with an evil motive. This preliminary objection will be denied.
*471 ORDER
And now, this 23rd day of April, 2015, upon consideration of the preliminary objections of defendants National Conference of the Evangelical Congregational Church; Twin Pines Camp, Conference and Retreat Center and Derek Schock, and following argument, it is ordered as follows:
1. The preliminary objections of defendants National Conference of the Evangelical Congregational Church and Twin Pines Camp are granted in part.
a. Plaintiff’s claim asserting vicarious liability against these defendants for the alleged actions of defendant Schock, stated in Count IX, paragraph 65 of the complaint and in Count XIV, paragraph 98 is stricken.
b. Plaintiff’s claim for punitive damages against these defendants is dismissed except in conjunction with the claim for intentional misrepresentation.
2. The preliminary objections of defendant Derek Schock are denied.
3. Plaintiff shall file an amended complaint within twenty days.